IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CUMIS INSURANCE SOCIETY, INC., | CIVIL NO. 14-00140 LEK-BMK |
| Plaintiff, | |
| vs. | |
| CU PACIFIC AUDIT SOLUTIONS, LLC, | |
| Defendant/Third-Party Plaintiff, | |
| vs. | |
| DONNA TAKUSHI, JENNY NISHIDA, NICOLE CHEUNG and OTS EMPLOYEES FEDERAL CREDIT UNION, | |
| Third-Party Defendants. | |

**ORDER GRANTING THIRD-PARTY DEFENDANT
OTS EMPLOYEES FEDERAL CREDIT UNION MOTION TO DISMISS**

Before the Court is Third-Party Defendant OTS Employees Federal Credit Union's ("OTS") Motion to Dismiss Amended Third-Party Complaint ("Motion"), filed on July 31, 2014. [Dkt. no. 39.] Defendant/Third-Party Plaintiff CU Pacific Audit Solutions ("CU Pacific") filed its memorandum in opposition on August 25, 2014, and OTS filed its reply on August 29, 2014. [Dkt. nos. 43, 48.] Third-Party Defendant Dona Takushi ("Takushi") filed a statement of no position on August 25, 2014. [Dkt. no. 46.] This matter came on for hearing on September 15,

2014.  OTS filed a supplemental memorandum on October 17, 2014, and CU Pacific filed its supplemental memorandum on October 24, 2014.[1]  [Dkt. nos. 57, 58.]

After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, OTS's Motion is HEREBY GRANTED.  Counts I and III of the Amended Third-Party Complaint are HEREBY DISMISSED WITH PREJUDICE, and Count II of the Amended Third-Party Complaint is HEREBY DISMISSED WITHOUT PREJUDICE for the reasons set forth below.

### BACKGROUND

Plaintiff CUMIS Insurance Society, Inc. ("CUMIS") filed its Complaint against CU Pacific on March 20, 2014, based on diversity jurisdiction.  [Dkt. no. 1.]  According to the Complaint, CUMIS is an Iowa corporation with its principal place of business in Madison, Wisconsin, and CU Pacific is a Hawai`i corporation with its principal place of business in Honolulu, Hawai`i.  [Id. at ¶¶ 1, 5.]  CUMIS asserts four claims: 1) breach of the Audit Services Agreement ("Count I"); 2) negligent misrepresentation ("Count II"); 3) professional negligence ("Count III"); and 4) deceptive trade practices in violation of Haw. Rev. Stat. Chapter 481A ("Count IV").

---

[1] On October 29, CU Pacific filed redacted versions of the exhibits it attached to its supplemental memorandum.  [Dkt. no. 58.]

According to the Complaint, CUMIS is a fidelity insurer of credit unions, and it insured OTS "under the conditions of a fidelity bond which provided coverage to OTS for losses caused by, *inter alia*, employee dishonesty." [Id. at ¶¶ 2-3.] The Complaint alleges that CU Pacific "holds itself out as a certified public accounting firm[,] . . . registered with the Hawai`i Board of Accountancy," and specializing in credit union audits, compliance, and accounting services. [Id. at ¶¶ 6-7.] CU Pacific served as OTS's independent external auditor for the years ending December 31, 2006, through December 31, 2012. [Id. at ¶ 8.]

According to the Complaint, during various periods between October 2003 and February 2013, Third-Party Defendants Takushi, Jenny Nishida ("Nishida"), and Nicole Cheung ("Cheung", collectively "the Former Employees") allegedly embezzled and misappropriated funds while employed at OTS. [Id. at ¶¶ 13-32.] After discovering the embezzlements on or about December 6, 2013, OTS: terminated their employment; reported the embezzlement to law enforcement; and filed an employee dishonesty bond claim with CUMIS. CUMIS found that the claim was meritorious and made a claim payment of $993,125.58 to compensate OTS for its loss. CUMIS alleges that, by virtue of this payment, it became subrogated to OTS's rights to seek recovery from the alleged wrongdoers. [Id. at ¶¶ 33-36.]

The Complaint alleges that OTS is required by law to have an independent, annual business audit, performed by a certified public accountant in compliance with National Credit Union Association regulations. According to the Complaint, CU Pacific made several representations to OTS about what CU Pacific would do: produce audit reports in compliance with all relevant regulatory requirements and attestation standards; examine the internal controls of OTS to make recommendations for improvements; review employee accounts, official accounts, and credit card creation; review and reconcile general ledger accounts; and reconcile OTS's credit card loans to the supporting information provided by OTS's credit card processor. [Id. at ¶¶ 38-41.]

On May 20, 2014, CU Pacific filed its "Answer to Complaint (ECF No. 1)," with a Third Party Complaint against OTS and the Former Employees. [Dkt. no. 14.] OTS filed its Amended Third Party Complaint on May 22, 2014. [Dkt. no. 18.] The Amended Third Party Complaint alleges three claims: 1) CU Pacific is entitled to recover from OTS based upon indemnity, contribution, reimbursement and/or equitable subrogation ("Third-Party Count I"); 2) OTS breached the Management Representation Letters that it executed for each of the audits by CU Pacific (collectively "the Management Representation Letters"), and OTS's breach is the legal cause of

4

both CU Pacific becoming involved in litigation with CUMIS and CU Pacific suffering other injuries and damages ("Third-Party Count II"); and 3) OTS's negligent failure to follow CU Pacific's recommendations in the audit reports is the legal cause of injuries and/or damages to OTS and/or CUMIS ("Third-Party Count III").

In the instant Motion, brought pursuant to Fed. R. Civ. P. 12(b)(6), OTS argues that the Amended Third Party Complaint fails to state a claim upon which relief can be granted because "there is no cognizable theory under which CU Pacific can assert claims against OTS as a third-party defendant independent from defenses asserted against Plaintiff CUMIS . . . , as subrogee of OTS," and because CU Pacific failed to properly implead OTS as required by Fed. R. Civ. P. 14.

**DISCUSSION**

**I.** **Jurisdiction**

CU Pacific first argues that this Court should dismiss the entire case because it does not have diversity jurisdiction over the claims alleged in CUMIS's Complaint. CU Pacific argues that CUMIS is merely suing on behalf of OTS, which is the real party in interest in this case. CU Pacific argues that this Court should re-align OTS as a plaintiff in this case, which would destroy diversity because both OTS and CU Pacific are Hawai`i citizens. [Mem. in Opp. at 2-3.]

### A. Conversion of the Motion

As a general rule, when a district court considers a motion to dismiss, its review is limited to the allegations in the complaint. Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). "[A] court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." Id. (citations and internal quotation marks omitted). If the district court considers exhibits that do not meet these requirements, it must convert the motion to dismiss into a motion for summary judgment. Yamalov v. Bank of Am. Corp., CV. No. 10-00590 DAE-BMK, 2011 WL 1875901, at *7 n.7 (D. Hawai`i May 16, 2011) (citing Parrino v. FHP, Inc., 146 F.3d 699, 706 n.4 (9th Cir. 1998)).[2]

In the instant case, this Court finds that it is necessary to consider the declaration and exhibits submitted with the parties' supplemental memoranda in ruling on the jurisdictional argument. These are beyond the type of exhibits described in Daniels-Hall. This Court therefore CONCLUDES that the instant Motion must be converted into a motion for summary judgment for purposes of the jurisdictional argument only.

---

[2] Parrino was superseded by statute on other grounds, as stated in Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 681-82 (9th Cir. 2006) (per curiam).

## B. Real Party in Interest

Fed. R. Civ. P. 17(a) requires that an action "be prosecuted in the name of the real party in interest." The Complaint alleges that "[b]y virtue of its $993,125.58 payment to OTS, CUMIS became subrogated to the rights of OTS to seek recovery for its loss." [Complaint at ¶ 36.] The Complaint alleges that CU Pacific is responsible for the loss because of CU Pacific's breach of contract, misrepresentations, negligence, and deceptive trade practices.

The Hawai`i Supreme Court has explained subrogation as follows:

> "[T]wo different kinds of subrogation exist. 'Equitable subrogation' (sometimes called, curiously enough, 'legal subrogation') is a principle of equity; it is effected by operation of law and arises out of a relationship that need not be contractually based. 'Conventional subrogation' arises out of the contractual relationship of the parties . . . ." [Robert H. Jerry, II,] Understanding Insurance Law, . . . §§ 96[a] and 96[b], at 602–04 [(2d ed. 1996)] (footnotes and brackets added). Accordingly, "[a]n insurer which pays a claim against an insured for damages caused by the default or wrongdoing of a third party is entitled to be subrogated to the insured's rights against such third party, **irrespective of the nature of the contract . . . even though the policy contains no stipulations to that effect**." 8B John A. Appleman and Jean Appleman, Insurance Law and Practice § 4941, at 31–38 (1981) (Appleman on Insurance) (emphases added); see also Taylor [v. Gov't Emps. Ins. Co.], [90 Hawai`i 302,] 310, 978 P.2d [740,] 748 [(1999)].

State Farm Fire & Cas. Co. v. Pac. Rent-All, Inc., 90 Hawai`i

315, 328-29, 978 P.2d 753, 766-67 (1999) (some alterations and emphasis in State Farm) (footnotes and some citations omitted).

It also explained the requirements for equitable subrogation:

> [a]n insurer's right to legal or equitable subrogation arises only when certain requirements are met. First, the insurer must have paid the loss. The right extends to the extent of the amount actually paid and the amount paid must have been paid to the insured.
>
> In addition, the amount paid by the insurer must result in the insured's being made "whole." The general rule is that the subrogated insurer is entitled to no subrogation, or to reduced subrogation, if the result of full subrogation would be to cause the insured to be less than fully compensated for the loss, although some cases hold to the contrary. . . .
>
> Courts have taken three approaches to the issue of whether or not subrogation will be allowed when the insured has not been fully compensated. One approach is to find that the insurer is entitled to the full amount of its subrogation, whether or not its insured is made whole. Another is to find that the insurer is entitled to no subrogation until the insured recovers his entire loss, between the insurance payment and the recovery from the tortfeasor. The third approach is to hold that the court should make an equitable distribution of any recovery from the tortfeasor, in light of all of the circumstances.
>
> . . . .
>
> The second requirement for the existence of the right to legal subrogation is that the insurer must not have merely volunteered to pay the loss, but must have been required to

> pay based upon[, for example, operation of law or a] . . . contract of insurance. . . .
>
> Finally, since legal subrogation is equitable in nature, the right will not be enforced unless the rights of the party seeking it are greater than the rights of others.

Id. at 328 n.8, 978 P.2d at 766 n.8 (alterations in State Farm) (citation omitted). In contrast,

> The right to conventional subrogation, as opposed to legal subrogation, does not depend upon principles of equity. When subrogation claimed by an insurer is based on contract, the subrogation provisions of the policy constitute the sole measure of its rights. In such a case, the insurer's rights would be subject to any limitations contained in the contract of insurance.

Id. at 328 n.9, 978 P.2d at 766 n.9.

In the instant case, OTS submitted a declaration by its Chairman of the Board stating that the Former Employees "collectively embezzled or stole $993,125.33 from OTS," but OTS "was made whole for the embezzlement loss under OTS's bond claim caused by its Former Employees by virtue of CUMIS's $993,125.33 claim payment." [OTS's Suppl. Mem., Decl. of Guy Moriwaki ("Moriwaki Decl.") at ¶¶ 1, 3, 6.] Further, "OTS does not intend to pursue a separate civil action against" CU Pacific or the Former Employees. [Id. at ¶ 7.]

CU Pacific, however, argues that, "[e]ven if OTS does not **currently** intend to file its own lawsuit against CU Pacific, the possibility that it **could** do so" renders OTS the real party

9

in interest at least as to OTS's "uninsured, excess losses."
[CU Pacific's Suppl. Mem. at 2 (emphases in original).]
CU Pacific argues that, based on the Proof of Loss forms that OTS submitted to CUMIS, OTS's actual losses were $1,017,952.56. [Id. (citing CU Pacific's Suppl. Mem., Decl. of Keith K. Hiraoka ("Hiraoka Decl."), Exhs. B-F).] Further, CUMIS's Large Loss/Trial Report states that OTS incurred audit expenses of $73,000, but the policy limit for that expense was $25,000. [Hiraoka Decl., Exh. G at 2.] The Release and Settlement Agreement between OTS and CUMIS reflects a settlement amount of $993,125.58. [Id., Exh. A (email dated 11/4/13 to Kevin Rainbolt from Pam Sumimoto, CEO/Manager of OTS, transmitting Release and Settlement Agreement) at CUMIS002873.] CU Pacific argues that, based on the portion of the loss and the portion of the audit expenses that were not covered, "OTS is the real party in interest and could still sue CU Pacific for . . . **$72,826.98** more than CUMIS is claiming in this lawsuit." [CU Pacific's Suppl. Mem. at 3 (emphasis in original).]

    The Release and Settlement Agreement, however, states:

> 4. OTS hereby acknowledges that through this **RELEASE AND SETTLEMENT AGREEMENT**, it releases any and all claims, known or unknown at this time, against the RELEASEE, with respect to any additional loss(es) OTS may incur as a result of the alleged dishonest conduct of Dona Takushi, Nicole Cheung and Jenny Nishida, acting individually and/or in collusion with one another.
>
> 5. By making payment to OTS, the RELEASEE

>           will become subrogated to the rights of OTS to
>           pursue recovery against any party who may be
>           legally responsible for causing the above-
>           described losses to the credit union. . . .

[Release and Settlement Agreement at CUMIS002874 (emphasis in original).] This Court finds that, pursuant to paragraphs 4 and 5 of the Release and Settlement Agreement, CUMIS has conventional subrogation rights as to the amount of the loss payment, and OTS has released its claims as to all other losses and expenses beyond the payment amount which OTS incurred - or may incur - as a result of the Former Employees' alleged conduct.

### C. **CUMIS's Rights as Subrogee**

This Court has recognized that, under Hawai`i law, a subrogee-insurer stands "in the shoes" of the subrogor-insured, with the same rights and the same defenses assertable against it as the insured. Cf. Seabright Ins. Co. v. Matson Terminals, Inc., 828 F. Supp. 2d 1177, 1188 (D. Hawai`i 2011) ("[subrogation only allows an insurer to step into the shoes of the insured as they exist, meaning that it can exercise no greater rights than the insured had.").

In considering subrogation in the insurance context, the Hawai`i Supreme Court further stated that, because

>           subrogation involves "stepping into" the
>           shoes of another, when an insurer brings an
>           action against a tortfeasor based upon its
>           subrogation rights, the insurer's rights flow
>           from the insured's rights. The subrogated
>           insurer, known as the "subrogee," can be
>           subrogated to and enforce only such rights as

11

>     the insured, known as the "subrogor," has
>     against the party whose wrong caused the
>     loss.  In a subrogation suit, a tortfeasor
>     may assert against the insurer any defense
>     which the tortfeasor could have asserted
>     against the insured.

Pac. Rent-All, 90 Hawai`i at 329, 978 P.2d at 767 (citation omitted).  Thus, under Hawai`i law, CUMIS stands in OTS's shoes as its subrogee.

This Court CONCLUDES that: CUMIS now has the same rights that OTS had; CUMIS is the real party in interest in this case; and it is not necessary to realign OTS as a co-plaintiff with CUMIS.  This Court therefore rejects CU Pacific's argument that this Court lacks diversity jurisdiction.

This Court now turns to the merits of OTS's Motion.

## II.  Third-Party Count I

In light of this Court's conclusion that CUMIS is OTS's subrogee, Third-Party Count I fails because "a third-party complaint seeking contribution and indemnity must fail when the third-party defendant stands in the same position as the original plaintiff."  See House v. Mine Safety Appliances Co., 573 F.2d 609, 622 (9th Cir. 1978), *overruled on other grounds by* Warren v. United States Dep't of Interior Bureau of Land Mgmt., 724 F.2d 776 (9th Cir. 1984).  This Court therefore DISMISSES Third-Party Court I WITH PREJUDICE because it fails to state a plausible claim for relief and amendment would be futile.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Sonoma Cnty. Ass'n of Retired

Emps. v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013) (describing when a court may deny leave to amend after the dismissal of a complaint).

### III. **Third-Party Counts that are Merely Defenses**

As previously noted, the defenses a defendant may use against a subrogee in a subrogation action are identical to those that may be used against the subrogor. Seabright Ins., 828 F. Supp. 2d at 1188. Thus, any defenses CU Pacific could have asserted against OTS can be asserted against CUMIS as OTS's subrogee. Third-Party Count III's allegation that OTS's negligence is the legal cause of any injuries that OTS sustained is not an affirmative claim for relief, but merely a defense to CUMIS's claims against CU Pacific. This Court therefore DISMISSES Third-Party Count III WITH PREJUDICE because it fails to state a plausible claim for relief and amendment of the claim would be futile.

It is unclear whether Third-Party Count II merely alleges what should be a breach of contract defense to CUMIS's claim or states an affirmative claim for relief. CU Pacific asserted in its memorandum in opposition that Third-Party Count II states a claim for misrepresentation. This Court will therefore DISMISS Third-Party Count II WITHOUT PREJUDICE to allow CU Pacific to clarify the claim. See Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir. 2009) ("Dismissal without leave to amend

13

is improper unless it is clear that the complaint could not be saved by any amended." (citation and quotation marks omitted)). Although the parties have raised several arguments regarding the merits of the purported misrepresentation claim, including, *inter alia*, the effect of the collateral source rule, this Court finds that it premature to address those arguments before CU Pacific has clarified Third-Party Count II to expressly allege a misrepresentation claim.

### CONCLUSION

On the basis of the foregoing, OTS's Motion to Dismiss Amended Third-Party Complaint, filed July 31, 2014, is HEREBY GRANTED. Third-Party Counts I and III are HEREBY DISMISSED WITH PREJUDICE, and Third-Party Count II is HEREBY DISMISSED WITHOUT PREJUDICE. CU Pacific shall file its second amended third-party complaint by **January 12, 2015.**

This Court CAUTIONS CU Pacific that, if it fails to file its second amended third-party complaint by **January 12, 2015** or if it fails to cure the defects in the remaining claim that are identified in this Order, this Court may dismiss the remaining claim with prejudice. This Court emphasizes that CU Pacific does not have leave to add any new parties, claims, or theories of liability. If CU Pacific wishes to do so, it must file a motion to amend according the deadline set forth in the Rule 16 Scheduling Order, filed August 6, 2014. [Dkt. no. 42.]

14

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 1, 2014.



                                     /s/ Leslie E. Kobayashi
                                     Leslie E. Kobayashi
                                     United States District Judge

**CUMIS INSURANCE SOCIETY, INC. VS. CU PACIFIC AUDIT SOLUTIONS, LLC; CV 14-00140 LEK-BMK; ORDER GRANTING THIRD-PART DEFENDANT OTS EMPLOYEES FEDERAL CREDIT UNION MOTION TO DISMISS**