IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CUMIS INSURANCE SOCIETY, INC., | ) ) ) | CIVIL NO. 14-00140 LEK-BMK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| CU PACIFIC AUDIT SOLUTIONS, LLC, | ) ) ) | |
| Defendant/Third-Party Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| DONA TAKUSHI, JENNY NISHIDA, NICOLE CHEUNG and OTS EMPLOYEES FEDERAL CREDIT UNION, | ) ) ) ) ) | |
| Third-Party Defendants. | ) ) ) | |

**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED THIRD-PARTY COMPLAINT AS TO OTS EMPLOYEES FEDERAL CREDIT UNION**

Before the Court is Third-Party Defendant OTS Employees Federal Credit Union's ("OTS") Motion to Dismiss Second Amended Third-Party Complaint as to OTS Employees Federal Credit Union ("Motion"), filed on February 9, 2015. [Dkt. no. 78.] Defendant/Third-Party Plaintiff CU Pacific Audit Solutions ("CU Pacific") filed its memorandum in opposition on April 8, 2015, and OTS filed its reply on April 15, 2015. [Dkt. nos. 90, 91.] This matter came on for hearing on April 29, 2015. After careful consideration of the Motion, supporting and opposing

memoranda, and the arguments of counsel, OTS's Motion is HEREBY
GRANTED for the reasons set forth below.

**BACKGROUND**

The relevant factual and procedural background of this case is set forth in this Court's November 30, 2014 Order Granting OTS Employees Federal Credit Union Motion to Dismiss ("11/30/14 Order"). [Dkt. no. 59.[1]] In the 11/30/14 Order, this Court: 1) found that Plaintiff CUMIS Insurance Society, Inc. ("CUMIS") "has conventional subrogation rights as to the amount of the loss payment, and OTS has released its claims as to all other losses and expenses beyond the payment amount which OTS incurred – or may incur – as a result of the Former Employees' alleged conduct[;]"[2] and 2) concluded that "CUMIS now has the same rights that OTS had[, and] CUMIS is the real party in interest in this case[.]" 2014 WL 6749229, at *5.

Based on these findings and conclusions, this Court:
-dismissed with prejudice Count I of the Amended Third Party
    Complaint,[3] which alleged that CU Pacific is entitled to
    recover from OTS based upon indemnity, contribution,

---

[1] The 11/30/14 Order is also available at 2014 WL 6749229.

[2] The "Former Employees" are Third-Party Defendants Dona Takushi ("Takushi"), Jenny Nishida ("Nishida"), and Nicole Cheung ("Cheung"). For a description of OTS's loss, the payment that CUMIS made on OTS's insurance claim for the loss, and CUMIS's claims in the instant case against CU Pacific, see the 11/30/14 Order, 2014 WL 6749229, at *1-2.

[3] CU Pacific filed the Amended Third Party Complaint on May 22, 2014. [Dkt. no. 18.]

reimbursement and/or equitable subrogation ("Third-Party Count I"); id. at *2, *5;

-dismissed without prejudice Count II of the Amended Third Party Complaint ("Third-Party Count II"), giving CU Pacific leave to clarify that the count alleges an affirmative misrepresentation claim, rather than what should be a defense to CUMIS's claims; id.; and

-dismissed with prejudice Count III of the Amended Third Party Complaint ("Third-Party Count III"), which alleged that OTS's negligent failure to follow CU Pacific's recommendations in the audit reports was the legal cause of any injuries and/or damages to OTS and/or CUMIS, id. at *2, *6.

CU Pacific filed its Second Amended Third Party Complaint on January 7, 2015. [Dkt. no. 60.] It alleges: a claim for indemnity, contribution, reimbursement and/or equitable subrogation against the Former Employees ("Amended Third-Party Count I"); and a misrepresentation claim against OTS ("Amended Third-Party Count II"). Amended Third-Party Count II emphasizes that Takushi, "as Manager, President and Chief Executive Officer of OTS," signed each of the Management Representation Letters that OTS executed for each of the audits that CU Pacific performed, and that she "had actual, implied or apparent authority" to sign each letter on OTS's behalf. [Id. at ¶¶ 9-14.] Further, Amended Third-Party Count II alleges that "OTS and/or its agent Takushi knew or reasonably should have known that one or more of the representations made in the Management Representation Letters were false." [Id. at ¶ 17.]

In the instant Motion, OTS urges this Court to dismiss Amended Third-Party Count II pursuant to Fed. R. Civ. P. 12(b)(6) because: 1) the claim is improper under Fed. R. Civ. P. 14(a); 2) even if CU Pacific can bring the claim under Rule 14(a), it is improper because CUMIS stands in the shoes of OTS; 3) even if this Court rejects OTS's procedural arguments, Amended Third-Party Count II fails to state a cognizable claim for the recovery of attorneys' fees pursuant to <u>Uyemura v. Wick</u>, 57 Haw. 102, 551 P.2d 171 (1976); and 4) the claim fails as a matter of law because OTS is not vicariously liable for the alleged misrepresentations that Takushi made to CU Pacific because she made them outside of the scope of her employment. Further, OTS argues that the dismissal should be with prejudice.

## **DISCUSSION**

### **I.    Fed. R. Civ. P. 14(a)**

Rule 14 governs the impleader of third parties. Rule 14(a)(1) states:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Rule 14(a)(4) states: "Any party may move to strike the third-party claim, to sever it, or to try it separately."

4

OTS argues that this Court should follow the analysis in Uldricks v. Kapaa 382 LLC, Civil No. 07-00117 JMS/KSC, 2007 WL 2694409 (D. Hawai`i Sept. 11, 2007), which addressed, *inter alia*, a third-party fraudulent misrepresentation claim. In Uldricks, this district court stated:

> A third-party claim "may be asserted only when the third party's liability is in some way dependant on the outcome of the main claim and the third party's liability is secondary or derivative." United States v. One 1977 Mercedes Benz, 450 SEL, 708 F.2d 444, 452 (9th Cir. 1983).
>
> Impleader is most commonly used for claims against a third party for indemnification, subrogation, breach of warranty, or contribution among joint tortfeasors. See Mantic Ashanti's Cause v. Cumming Family Trust, 2007 WL 1558620, at *3 (S.D. Cal. May 25, 2007). "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." Stewart v. American Int'l Oil & Gas Co., 845 F.2d 196, 200 (9th Cir. 1988) (quoting Wright & Miller, 6 Fed. Prac. & Proc. § 1446 at 257 (1971 ed.)). "It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim." One 1977 Mercedes Benz, 450 SEL, 708 F.2d at 452.
>
> "It need not be shown that the third party defendant is automatically liable if the defendant loses the underlying lawsuit. It is sufficient if there is some possible scenario under which the third party defendant may be liable for some or all of the defendant's liability to plaintiff." FDIC v. Loube, 134 F.R.D. 270, 272 (N.D. Cal. 1991).

Id. at *3. OTS emphasizes that, in Uldricks, the district court

5

ruled that the third-party complaint was improper because it did "'not alleg[e] that third-party defendants share fault, but that third-party defendants were completely at fault. A third-party plaintiff cannot boot-strap a defense to fraud into a case for joint tortfeasor liability.'" [Mem. in Supp. of Motion at 9 (quoting Uldricks, 2007 WL 2694409, at *4).] OTS argues that, like the third-party claims in Uldricks, CU Pacific's third-party claim against it "relate[s] to, but [is] not derivative of," CUMIS's claims against CU Pacific. [Id.]

This Court finds that the case law regarding motions for leave to file a third-party complaint is instructive on the issue of whether Rule 14(a) allows CU Pacific to pursue its third-party misrepresentation claim against OTS. This district court has stated:

> "The decision whether to permit impleader is left to the discretion of the trial court." Irwin v. Mascott, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000). "[A] court, called upon to exercise its discretion as to impleader, must balance the desire to avoid circuity of actions and to obtain consistent results against any prejudice that the plaintiff might suffer from complications of the case." Id. at 1056 (quoting Somportex Ltd. v. Philadelphia Chewing Gum Corp., 453 F.2d 435, 439 n.6 (3d Cir. 1971), *cert. denied*, 405 U.S. 1017, 92 S. Ct. 1294, 31 L. Ed. 2d 479 (1972)).
>
> In determining whether to allow a third-party complaint, courts will typically balance the policy of liberally allowing third-party practice with the possibility of prejudice to the plaintiff and the third-party defendant, the complication of the issues at trial posed by the third-party complaint, the merits of the third-party

>             complaint, and any additional costs that might be
>             incurred by the parties as a result of the
>             third-party complaint.  Id. at 1056. . . .

Kauhako v. Hawaii Bd. of Educ. Dep't of Educ., Civil No. 13-00567 DKW-BMK, 2014 WL 3845793, at *1 (D. Hawai`i July 11, 2014).  This Court concludes that it has the discretion to allow CU Pacific's third-party claim against OTS to proceed because doing so would avoid circuity of actions and promote consistent results.  In addition, it would not unduly prejudice the original plaintiff, CUMIS.  This Court therefore rejects OTS's argument that Amended Third-Party Count II is an improper third-party claim for purposes of Rule 14(a).

## II. Subrogation

OTS next argues that Amended Third-Party Count II is improper because CUMIS stands in OTS's shoes, and therefore CU Pacific can assert misrepresentation as a defense to CUMIS's claims.  This Court agrees.

As previously noted, this Court ruled in the 11/30/14 Order that CUMIS, the subrogee-insurer, has the same rights that OTS had, *i.e.*, CUMIS stands in OTS's shoes.  As noted in the 11/30/14 Order, "'[i]n a subrogation suit, a tortfeasor may assert against the insurer any defense which the tortfeasor could have asserted against the insured.'"  2014 WL 6749229, at *5 (quoting State Farm Fire & Cas. Co. v. Pac. Rent-All, Inc., 90 Hawai`i 315, 329, 978 P.2d 753, 767 (1999)).  Insofar as

CU Pacific can assert all defenses it would have asserted against OTS against OTS's subrogee, CUMIS, this Court CONCLUDES that CU Pacific fails to state a plausible misrepresentation claim against OTS. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007))). Thus, Amended Third-Party Count II fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

This Court has already given CU Pacific the opportunity to amend its third-party complaint so that it could attempt to state a misrepresentation claim against OTS that is separate and distinct from the defenses that CU Pacific can assert against CUMIS. Based upon CU Pacific's failure to cure the defect, and based upon the factual allegations in the parties' current pleadings, this Court CONCLUDES that it is not possible for CU Pacific to cure the defect through further amendment. Amended Third-Party Count II is therefore DISMISSED WITH PREJUDICE.[4] See

---

[4] Insofar as this Court has dismissed Amended Third-Party Count II on the ground that CU Pacific must raise OTS's alleged misrepresentations as a defense to CUMIS's claims, this Court does not need to address the other arguments that OTS raised in the Motion. The remaining arguments relate to the merits of the misrepresentation allegations, and the parties must address such issues in the context of a properly raised misrepresentation defense.

Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109, 1117-18 (9th Cir. 2013) ("As a general rule, dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." (brackets, citation, and internal quotation marks omitted)).

**CONCLUSION**

On the basis of the foregoing, Third-Party Defendant OTS Employees Federal Credit Union's Motion to Dismiss Second Amended Third-Party Complaint as to OTS Employees Federal Credit Union, filed February 9, 2015, is HEREBY GRANTED. This Court DIRECTS the Clerk's Office to terminate OTS as a party on **July 24, 2015**, unless Defendant/Third-Party Plaintiff CU Pacific Audit Solutions files a motion for reconsideration of this Order by **July 17, 2015**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, JUNE 30, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

CUMIS INSURANCE SOCIETY, INC. VS. CU PACIFIC AUDIT SOLUTIONS, LLC; CIVIL 14-00140 LEK-BMK; ORDER