IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CUMIS INSURANCE SOCIETY, INC., | ) ) ) | CIV. NO. 14-00140 LEK-BMK |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATION TO GRANT |
| vs. | ) ) ) | IN PART AND DENY IN PART THIRD PARTY DEFENDANT OTS |
| CU PACIFIC AUDIT SOLUTIONS, LLC, | ) ) ) | EMPLOYEES FEDERAL CREDIT UNION'S MOTION FOR |
| Defendant/Third-Party Plaintiff, | ) ) ) | ATTORNEYS' FEES AND COSTS |
| vs. | ) ) | |
| OTS EMPLOYEES FEDERAL CREIDT UNION, ET AL. | ) ) ) | |
| Third-Party Defendants. | ) ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY
IN PART THIRD PARTY DEFENDANT OTS EMPLOYEES FEDERAL
CREDIT UNION'S MOTION FOR ATTORNEYS' FEES AND COSTS**

Before the Court is Third-Party Defendant OTS Employees Federal

Credit Union's ("OTS") Motion for Attorneys' Fees and Costs.  (Doc. 123.)   OTS

seeks an award of attorneys' fees in the amount of $74,130.39 and costs in the

amount of $690.65.  (Doc. 123 at 3.)  The Court finds this matter suitable for

disposition without a hearing pursuant to Local Rule LR 7.2(d) of the Local Rules of

Practice for the United States District Court for the District of Hawaii ("Local Rules").   After careful consideration of the Motion, the supporting and opposing memoranda, declarations, and exhibits attached thereto, and the record established in this action, the Court finds that an award of attorneys' fees and costs is appropriate in this case.   Therefore, the Court recommends that OTS' Motion for Attorneys' Fees and Costs be GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

On March 20, 2014, Plaintiff CUMIS Insurance Society, Inc. ("CUMIS"), as subrogee of OTS, initiated the underlying action against Defendant CU Pacific Audit Solutions, LLC ("CU Pacific"), seeking damages for losses sustained due to CU Pacific's breach of contract, negligent misrepresentations, professional negligence, and deceptive trade practices.

According to CUMIS' Complaint, during various periods between October 2003 and February 2013, Third-Party Defendants Donna Takushi, Jenny Nishida, and Nicole Cheung, (hereinafter "Former Employees"), allegedly embezzled and misappropriated funds while employed at OTS.   (Doc. 1 at ¶¶ 13-32.)   After discovering the embezzlements on or about December 6, 2013, OTS terminated their employment, reported the embezzlement to law enforcement, and filed an employee dishonesty bond claim with CUMIS.   (Doc. 59 at 3.)   CUMIS is

a fidelity insurer of credit unions, and it insured OTS "under the conditions of a fidelity bond which provided coverage to OTS for losses caused by, inter alia, employee dishonesty."   (Doc. 59 at 3.)   CUMIS found OTS' claim meritorious and made a claim payment of $993,125.58 to compensate OTS for its loss.   CUMIS alleges that, by virtue of this payment, it became subrogated to OTS' rights to seek recovery from the alleged wrongdoers.   (Doc. 1 at 7.)

OTS is required by law to have its business activities audited on an annual basis.   (Id.)   This annual audit was required to comply with federal regulations as set forth by the National Credit Union Association ("NCUA"), codified in 12 C.F.R. Part 715.   (Id. at 8.)   Defendant CU Pacific served as OTS' independent external auditor for the years ending December 31, 2006, through December 31, 2012.   (Id.)   OTS and CU Pacific entered into an Audit Services Agreement wherein CU Pacific agreed to perform annual audits for the fiscal years 2006 through 2012 in exchange for certain payments.   (Id. at 9.)   OTS relied upon, trusted, and paid CU Pacific to provide independent accounting and auditing services.   (Id. at 7.)   In the underlying lawsuit, CUMIS alleges that CU Pacific failed to perform all of its obligations under the Audit Services Agreement, including, inter alia, CU Pacific's failure to design and execute an audit program to properly test and verify OTS' books and records in accordance with the NCUA's

requirements.   (Id. at 10.)

On May 22, 2014, CU Pacific filed an Amended Third-Party Complaint against OTS and the Former Employees (hereinafter, "OTS").   (Doc. 18.)   CU Pacific alleged the following claims:

(1)     CU Pacific is entitled to a recovery from OTS of any judgment which is entered against CU Pacific, based upon indemnity, contribution, reimbursement and/or equitable subrogation ("Count I");

(2)     OTS executed and breached the terms of the Management Representation Letters pertaining to the supervisory committee audit performed by CU Pacific for the periods ending December 31, 2006 through December 31, 2011, and that "OTS' breach of the Management Representation Letters was the legal cause of CU Pacific becoming involved in litigation with CUMIS, and placed CU Pacific in such a relation with CUMIS as made it necessary for CU Pacific to incur expenses to protect its interest" ("Count II"); and

(3)     OTS negligently failed to follow the recommendations contained in the Supervisory Committee Audit Reports, and this

4

negligence was the legal cause of injury and/or damage to OTS

and/or CUMIS ("Count III").

(See generally, Doc. 18.)   In its prayer for relief, CU Pacific requested that any

judgment found against it be entered against OTS; that if it is found to be a joint

tortfeasor, CU Pacific may have judgment for indemnity, contribution and/or

reimbursement against each joint tortfeasor for any excess which must be paid or

owed by CU Pacific over and above its pro rata share; and that CU Pacific be

awarded damages.   (Doc. 18 at 7-8.)

On July 31, 2014, OTS filed a Motion to Dismiss CU Pacific's

Amended Third-Party Complaint for failure to state a claim.   (Doc. 39.)   On

November 30, 2014, U.S. District Judge Leslie E. Kobayashi dismissed CU

Pacific's Counts I and III with prejudice, and dismissed Count II without prejudice.

(Doc. 59 at 2.)   Judge Kobayashi held that Count I, which sought contribution and

indemnity, must fail when the third-party defendant, OTS, stands in the same

position as the original plaintiff, and therefore, CU Pacific failed to state a plausible

claim for relief and any amendment would be futile.   (Doc. 59 at 12.)   Judge

Kobayashi further held that Count III, CU Pacific's allegation that OTS' negligence

is the legal cause of any injuries that OTS sustained, is not an affirmative claim for

relief, but merely a defense to CUMIS' claims against CU Pacific, and therefore, CU

Pacific failed to state a plausible claim for relief and any amendment would be futile. (Id. at 13.)   It was unclear to the Court whether Count II alleged what should be a breach of contract defense to CUMIS' claim or stated an affirmative claim for relief, and accordingly, Judge Kobayashi granted CU Pacific leave to amend that claim. (Id.)

On January 7, 2015, CU Pacific filed a Second Amended Third-Party Complaint against OTS and the Former Employees, alleging its same claim for indemnity, contribution, reimbursement and/or equitable subrogation against the Former Employees, and also alleging a misrepresentation claim against OTS.   (See generally, Doc. 60.)   CU Pacific's prayer for relief remained unchanged from the Amended Third-Party Complaint.   (Compare Doc. 18 at 7-8 with Doc. 60 at 8.)

On February 9, 2015, OTS filed a Motion to Dismiss the Second Amended Third-Party Complaint, arguing that CU Pacific had failed to adequately plead an affirmative claim for relief against OTS.   (Doc. 78-1 at 9.)   On June 30, 2015, Judge Kobayashi granted OTS' Motion to Dismiss the Second Amended Third-Party Complaint.   (Doc. 110.)   The Court concluded that CU Pacific failed to state a plausible misrepresentation claim against OTS, but that it may assert misrepresentation as a defense to CUMIS' claims.   (Doc. 110 at 7-8.)   Judge Kobayashi further held that inasmuch as the Court "has already given CU Pacific the

opportunity to amend its third-party complaint so that it could attempt to state a misrepresentation claim against OTS that is separate and distinct from the defenses that CU Pacific can assert against CUMIS", and in light of CU Pacific's failure to do so, based upon the factual allegations in the parties' current pleadings, Judge Kobayashi concluded that it is not possible for CU Pacific to cure the defect through further amendment.   (Doc. 110 at 8.)   Accordingly, Judge Kobayashi dismissed the Amended Third-Party Count II, with prejudice.   (Id.)

CU Pacific did not file a motion for reconsideration of Judge Kobayashi's June 30, 2015 Order, and accordingly, OTS was terminated as a party on July 29, 2015.   On August 6, 2015, OTS filed the Motion for Attorneys' Fees and Costs currently pending before this Court.   (Doc. 123.)

## DISCUSSION

In its Motion for Attorney's Fees and Costs, OTS contends that, as the prevailing party in an action in the nature of assumpsit, it is entitled to an award of attorneys' fees and costs under Hawaii Revised Statutes ("HRS") § 607-14.   (Doc. 123 at 2.)   OTS maintains that CU Pacific's third-party claims "arise wholly out of contractual or quasi-contractual obligations between OTS and CU Pacific pursuant to an Audit Services Agreement wherein CU Pacific agreed to perform annual audits for OTS for the fiscal years 2006 through 2012."   (Id.)   Accordingly, OTS seeks

attorneys' fees in the amount of $74,130.39, and costs in the amount of $690.65.

(Id. at 3.)

## I.     Entitlement to Attorneys' Fees

Inasmuch as "[a] federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees," see Kona Enters. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000), this Court will apply Hawaii law for purposes of determining OTS' entitlement to attorneys' fees.   Under Hawaii law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement."   Stanford Carr Dev. Corp. v. Unity House, Inc., 141 P.3d 459, 478 (2006) (citation and quotation marks omitted).   HRS § 607-14 mandates the recovery of fees when a promissory note or contract provides for the same, in writing, or when an action is in the nature of assumpsit, and states, in pertinent part:

> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable[.]

HRS § 607-14.   A court awarding attorneys' fees pursuant to § 607-14 must apportion the fees claimed between assumpsit and non-assumpsit claims, if practicable.   See Blair v. Ing, 31 P.3d 184, 189 (2001).

## A.     Prevailing Party

It is well-established among Hawaii and Ninth Circuit Courts that a defendant "who succeeds in obtaining a judgment of dismissal is a prevailing party for the purpose of fees under HRS § 607-14."   Blair v. Ing, 31 P.3d 184, 189 (2001); see also Kona Enters., 229 F.3d at 887 (stating that "[u]nder Hawaii law, a party may be deemed the 'prevailing party' entitled to an award of statutory attorneys' fees under § 607-14 without successfully litigating the merits of the party's claim"). The Hawaii courts have noted that "'[i]n general, a party in whose favor judgment is rendered by the district court is the prevailing party in that court, plaintiff or defendant, as the case may be[.]'"   MFD Partners v. Murphy, 850 P.2d 713, 716 (1992) (citations omitted).   Thus, under Hawaii law, in order to be deemed the prevailing party for purposes of § 607-14, Defendants must have obtained final judgment in their favor; however, the judgment need not result from a ruling on the merits.   Ranger Ins. Co. v. Hinshaw, 79 P.3d 119, 124 (2003) (citations omitted); see also Blair, 31 P.3d at 189 ("[A] defendant who succeeds in obtaining a judgment of dismissal is a prevailing party for the purpose of fees under HRS § 607-14.").

Here, OTS prevailed on all claims alleged against it by CU Pacific. (See Docs. 59, 110.)   Moreover, CU Pacific does not appear to contest OTS' status as a prevailing party in this matter.   (See generally, Doc. 154.)   Absent any

objection from CU Pacific as to OTS' status as a prevailing party, and in light of the Court's dismissal of all claims against OTS, there can be no dispute that OTS is a prevailing party in this matter.

**B.    Nature of the Claims**

OTS asserts that all of CU Pacific's claims against it each sound in the nature of assumpsit.   (Doc. 123-1 at 19.)   "Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." 808 Dev., LLC v. Murakami, 141 P.3d 996, 1013 (2006).   Under Hawaii case law, an action in the nature of assumpsit includes "all possible contract claims." Helfand v. Gerson, 105 F.3d 530, 537 (9th Cir. 1997).   The mere fact that a claim "relate[s] to a contract between the parties does not render a dispute between the parties an assumpsit action."   TSA Int'l, Ltd. v. Shimizu Corp., 990 P.2d 713, 734 (1999).   Instead, the nature of a claim is determined from the substance of the entire pleading, the nature of the grievance, and the relief sought.   S. Utsunomiya Enters., Inc. v. Moomuku Country Club, 879 P.2d 501, 505 (1994).   Therefore, for a claim to be in the nature of assumpsit, "the plaintiff's primary objective must be to obtain monetary relief for breach of contract."   Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 151 P.3d 732, 761 (2007).   It is well-established that "[w]hen there

is a doubt as to whether the action is in assumpsit or tort, there is a presumption that the suit is in assumpsit."   Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003) (citations omitted).

Here, OTS argues that CU Pacific's claims were based on duties allegedly owed by OTS to CU Pacific arising wholly out of a direct contractual relationship, created by the audit services contracts which were in effect from 2007 through 2013, between CU Pacific and OTS.   (Doc. 123-1 at 19-20.)   OTS maintains that absent the auditing services contracts, CUMIS would not have filed suit against CU Pacific, which would have precluded any and all third-party claims by CU Pacific against OTS.   (Id. at 20.)   Accordingly, OTS argues that CU Pacific's Count I (indemnification under the contract), Count II (breach of management letters under the contract), and Count III (negligent failure to perform duties under the contract) are inextricably linked to and wholly derived from, the audit services contracts between CU Pacific and OTS, which created cognizable duties between the parties.   (Doc. 123-1 at 24.)   For the reasons discussed below, this Court agrees.

In support of OTS' argument that the claims alleged in CU Pacific's Amended Third-Party Complaint are in the nature of assumpsit, OTS cites to the Hawaii Supreme Court's holding in Blair v. Ing, 31 P.3d 184 (Haw. 2001).   (Id.)

The Court finds Blair persuasive in determining the nature of CU Pacific's claims. In Blair, plaintiffs, co-trustees and beneficiaries of a testamentary trust, sued an accountant for professional negligence and breach of implied contract stemming from defendant's preparation of an estate tax return for plaintiffs' mother.   31 P.3d at 185.   The defendant prevailed on his motion to dismiss and requested compensation, pursuant to HRS §607-14, for attorneys' fees expended in his defense against the lawsuit.   Id. at 185-86.   Plaintiffs opposed defendant's request for fees, arguing, inter alia, that their malpractice suit sounded in tort, rather than assumpsit. Id. at 189.   The Hawaii Supreme Court held that plaintiffs' claims for breach of implied contract and negligence were premised on the allegation that defendant, in providing tax return preparation services, failed to take advantage of certain estate planning techniques that resulted in the loss of savings in excess of $200,000.   Id. Thus, the court held that plaintiffs' negligence claim arose out of the alleged implied contract between plaintiffs' mother and defendant, and without such contract, plaintiffs would have no negligence claim.   Id.   The court further held that the damages alleged were more closely akin to contract damages than to tort damages because they were economic damages.   Id. at 189-90.   Accordingly, based on the complaint in that case, the court concluded that the essential character of the action against defendant was "in the nature of assumpsit," as provided under HRS §

12

607-14.  Id. at 190.

Here, CUMIS filed suit against CU Pacific for its alleged failure to perform under the Audit Services Agreement between OTS and CU Pacific.   In turn, CU Pacific filed suit against OTS seeking recovery from OTS of any judgment entered against it based on indemnity, contribution, reimbursement and or equitable subrogation.   CU Pacific also alleged claims of breach, negligence, and misrepresentation stemming from its contractual relationship with OTS.   In its opposition to OTS' motion for attorneys' fees, CU Pacific argues that its claims are based on equitable contribution and tort, and do not sound in assumpsit.   (See Doc. 154 at 7.)   The Court, however, finds that CU Pacific's alleged tort claims for equitable contribution, negligence, and misrepresentation are thinly veiled contract claims and that the essential character of CU Pacific's case against OTS is in the nature of assumpsit.

CU Pacific's claim for indemnity and contribution is wholly derived from the audit services contract between CU Pacific and OTS.   Absent the audit services contract, CUMIS would have no claims against CU Pacific for failure to perform under the terms of the contract, and in turn, CU Pacific would have no claim for indemnification from OTS for any judgment entered against it in the suit between CUMIS and CU Pacific.   Moreover, the Court finds that CU Pacific's

claim that the legal cause of CU Pacific's injuries and damages was (1) OTS' breach of the terms of the management representation letters pertaining to the audits CU Pacific was retained to perform, and (2) due to OTS' failure to follow the recommendations contained in CU Pacific's audit reports, also sounds in the nature of assumpsit.   Similar to the court's holding in <u>Blair</u>, here, despite CU Pacific's "tort language," any negligence claim CU Pacific may have raised against OTS directly arises out of the Audit Services Agreement.   Without this agreement, which created the duties owed by and between CU Pacific and OTS, CU Pacific would have no cognizable breach of contract or negligence claims against OTS.   Thus, inasmuch as CU Pacific's claims arose out of duties created by the contractual relationship between CU Pacific and OTS, all of the claims raised in CU Pacific's Amended Complaint sound in the nature of assumpsit.

With regard to CU Pacific's Second Amended Complaint, the Court notes that the language of CU Pacific's Amended Count I, as articulated in its Second Amended Complaint, is essentially identical to Count I, as articulated in the Amended Complaint, and therefore, for the reasons discussed above, the Court finds that CU Pacific's Amended Count I also sounds in the nature of assumpsit.   The Court further finds that CU Pacific's Amended Count II, which alleges a misrepresentation claim against OTS, also sounds in the nature of assumpsit.   In the

Court's June 30, 2015 Order, Judge Kobayashi held that CU Pacific failed to state a plausible misrepresentation claim against OTS, and instead, may assert misrepresentation as a defense to CUMIS' claims, which all arise out of the Audit Services Agreement between CU Pacific and OTS.   (Doc. 110 at 7-8.)   The language used in CU Pacific's Amended Count II, for example, alleges that "OTS retained CU Pacific to perform Supervisory Committee Audits," that OTS' representative "signed a Management Representation Letter pertaining to the supervisory committee audit performed by CU Pacific," and that OTS made representations to CU Pacific in the Management Representation Letters that OTS knew or reasonably should have known were false.   (Doc. 60 at 3-6.)   CU Pacific further alleges that it relied upon the representations in the Management Representation Letters in conducting and reporting on the Supervisory Committee Audits it performed, and that the misrepresentations made by OTS were the legal cause of CU Pacific becoming involved in litigation with CUMIS.   (Doc. 60 at 6-7.) Based on this, the Court finds that any alleged misrepresentation is wholly derived from the contractual relationship between OTS and CU Pacific and relate to CU Pacific's duty to perform supervisory committee audits under the Audit Services Agreement.   Therefore, the Court finds that CU Pacific's Amended Count II, is inextricably linked to the contractual relationship between OTS and CU Pacific, and

therefore, sounds in the nature of assumpsit.

Moreover, the Court notes that in both the Amended and Second Amended Third-Party Complaints, CU Pacific seeks damages that were economic in nature, i.e., monetary damages and indemnification, contribution and/or reimbursement for any judgment entered against it.   Hawaii courts look to the type of damages suffered by a plaintiff in determining the nature of a claim, and where the relief sought resembles "the kinds of economic losses that would result when the expectations of a party to a contract are frustrated," a claim sounds in assumpsit. See Helfand v. Gerson, 105 F.3d 530, 538 (9th Cir. 1997) (citing Larsen v. Pacesetter Systems, Inc., 837 P.2d 1273, 1298 (Haw. 1992).   Here, CU Pacific's requested relief, which includes a request for "damages, costs and attorneys' fees," is more closely akin to contract damages than to tort damages, which further indicates that CU Pacific's claims are in the nature of assumpsit.   See Healy-Tibbits Const. Co. v. Hawaiian Independent Refinery, Inc., 673 F.2d 284, 286 (9th Cir. 1982) (holding that when there is doubt as to whether or not the plaintiff's complaint is in assumpsit or in tort, a plaintiff's prayer for attorneys' fees is a significant indication that the action sounded in assumpsit).   Lastly, the Court notes that if there is any doubt as to whether or not an action sounds in assumpsit or tort, there is a presumption that the suit is in assumpsit.   Jorgensen, 320 F.3d at 919.

16

Accordingly, having evaluated the substance of the entire pleading, including each claim, the nature of the grievance, and the relief sought, the Court finds that the essential character of the action is in the nature of assumpsit.   All of CU Pacific's claims are inextricably linked to or derived from the Audit Services Agreement between OTS and CU Pacific.   Accordingly, the Court finds that all of the claims alleged in this case sound in the nature of assumpsit, and OTS, as the prevailing party in this matter, is entitled to attorneys' fees under HRS § 607-14.

## II.    Calculation of Fees

Inasmuch as OTS is entitled to an award of attorneys' fees, the Court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."   Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).   Beyond establishing a reasonable hourly rate, "a party seeking attorneys' fees bears the burden of proving that the requested fees and costs are associated with the relief requested and are reasonably necessary to achieve the results obtained."   U.S. v. Chung, Civ. No. 07-00570 ACK-BMK, 2010 WL 5388006, at *3 (D. Haw. Dec. 17, 2010).   "A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable."   Id. (citation omitted).   A court has discretion to "trim fat" from, or otherwise reduce, the number of hours claimed to have been spent

on the case, and time expended on work deemed "excessive, redundant, or otherwise

unnecessary" shall not be compensated.   Id. (citations and internal quotation marks

omitted).   The Court now turns to the reasonableness of OTS' requested hourly

rate.

### A.    Reasonable Hourly Rate

In determining what a reasonable hourly rate is, the experience, skill,

and reputation of the attorney requesting fees are taken into account.   See Webb v.

Ada Cnty., 285 F.3d 829, 840 & n.6 (9th Cir. 2002).   The court may also consider

additional factors, such as the time and labor required, the novelty and difficulty of

the questions involved, the skill required to perform the legal service properly, the

amount in controversy, the benefits resulting to the client from the services, and the

character of employment, whether casual or for an established client.   Tirona, 821

F. Supp. at 636 (citations omitted); see also Chun v. Bd. Of Trs. Of Emps. Ret. Sys.

Of Haw., 106 P.3d 339, 358 (Haw. 2005).   In assessing whether an hourly rate is

reasonable, a court "should be guided by the rate prevailing in the community for

similar work performed by attorneys of comparable skill, experience, and

reputation."   Webb, 285 F.3d at 840 (citing Chalmers v. City of Los Angeles, 796

F.2d 1205, 1210-11 (9th Cir. 1986)); see also Gates v. Deukmejian, 987 F.2d 1392,

1405 (9th Cir. 1992) (noting that the rate awarded should reflect "the rates of

attorneys practicing in the forum district").   In addition to their own statements, the fee applicant is required to submit additional evidence that the rate charged is reasonable.   Jordan v. Multnomah Cnty., 815 F.2d 1258, 1263 (9th Cir. 1987).

Here, OTS requests the following hourly rates for its counsel and its paralegals that assisted in the course of this litigation:

| Timekeeper | Position | Experience | Hours Billed | Billing Rate |
|---|---|---|---|---|
| Patrick J. Collins | Partner | 32 | 7.5 | $275 |
| Patrice B. Collins | Associate | 4 | 56.65 | $275 |
| Andrew L. Hunter | Associate | 3 | 35.5 | $275 |
| Shae A. Steven | Associate | 7 | 67.7 | $275 |
| Barbara A. Dellis | Paralegal | 20 | 20.95 | $125 |
| Duane R. Miyashiro | Partner | 20 | 42.5 | $275 |
| Seth T. Buckley | Associate | 4 | 28.8 | $225 |
| Michael J. Scanlon | Associate | 5 | 5.0 | $225 |
| Ashley M. King | Paralegal | 8 | 9.5 | $150 |

In support of the hourly rate requested for its counsel, OTS maintains that its attorneys and professionals have a wide range of experience, skills, and reputations in their respective communities, and that the rates requested are reasonable and are commensurate with the rates prevailing in the Hawaii market for professionals of similar experience, skill, and background.   (Doc. 123-1 at 12-13; Doc. 123-5 at 3.)   With regard to Counsel Patrick J. Collins, OTS maintains that he has over 32 years of civil litigation experience.   (Doc. 123-2 at 4.)   OTS further maintains that the requested billing rates for Counsel Patrice B. Collins, an associate with 4 years of experience; Andrew L. Hunter, an associate with 3 years of

19

experience; and Shae A. Steven, a senior associate with 7 years of experience, is

reasonable and customary in this community for like work.  (Id.)  With respect to

Counsel Duane R. Miyashiro, OTS maintains that he has over 20 years of civil

litigation experience.  OTS further maintains that a billing rate of $225 per hour is

reasonable and customary for Counsel Seth T. Buckley, an associate attorney with 4

years of experience; and Michael J. Scanlon, an associate attorney with 5 years of

experience.  (Id.)  With regard to its paralegals, OTS maintains that Barbara A.

Dellis is a litigation paralegal with over 20 years of experience and has an

ABA-approved Paralegal Certificate, (Doc. 123-2 at 4-5), and that Ashley M. King

is a litigation paralegal with over 8 years of experience and has a Bachelor's Degree

in Justice Administration and an Associate's Degree in Paralegal Studies.  (Doc.

123-5 at 4-5.)

            CU Pacific failed to object to any of the requested rates.  The Court is

well aware of the prevailing rates in the community for similar services performed

by attorneys of comparable experience, skill, and reputation.  Based on this Court's

knowledge of the prevailing rates in the community, the hourly rates generally

granted by the Court, the Court's familiarity with this case, and the submissions of

counsel, the Court finds that the following hourly rates are reasonable:  $275 per

hour for Counsel Patrick J. Collins and Duane R. Miyashiro; $185 for Counsel Shae

A. Steven; $175 for Mr. Michael J. Scanlon; $150 per hour for Counsel Patrice B.

Collins and Seth T. Buckley; and $130 per hour for Counsel Andrew L. Hunter.

See Hawaii Def. Found. v. City & Cnty. of Honolulu, Civ. No. 12-00469 JMS-RLP,

2014 WL 2804448, at *5 (D. Haw. June 19, 2014) (awarding an hourly rate of $185

to an associate attorney with over seven years of experience and affirming an hourly

rate of $150 to an associate with over four years of experience); Valencia v.

Carrington Mortg. Servs., LLC, Civ. No. 10-00558 LEK-RLP, 2013 WL 3223628,

at *8 (D. Haw. June 25, 2013) (awarding an hourly rate of $175 to an associate

attorney with five years of experience); Nat'l Comm'n for Certification of Crane

Operators v. Ventula, Civ. No. 09-00104 SOM-LEK, 2010 WL 2179505, at *4 (D.

Haw. Apr. 30, 2010) (awarding an hourly rate of $250 for an attorney with 20 years

of experience, and noting that the Court typically awards attorneys with two to three

years of experience $130 per hour).

        In addition, the Court finds that the requested hourly rate of $125 for

paralegal Barbara A. Dellis, and the rate of $150 per hour for paralegal Ashley M.

King are excessive.   Based on Dellis' twenty years of experience and King's eight

years of experience, the Court finds that $95 for Dellis and $85 for King are

reasonable rates.   See, e.g., Balboa v. Hawaii Care & Cleaning, Inc., Civ. No.

14-00009 ACK-RLP, 2015 WL 4418304, at *3 (D. Haw. June 23, 2015) (finding

21

that rates of $105 and $85 were reasonable rates for paralegals with thirty years and eight years of experience, respectively); PAMCAH-UA Local 675 Pension Fund v. Hualalai Mechanical LLC, Civ. No. 14-00421 JMS-BMK, 2015 WL 773391, at *3 (D. Haw. Jan. 30, 2015) (finding $95 per hour to be a reasonable rate for a paralegal).

Based on the foregoing, the Court recommends the following hourly rates for OTS' counsel and paralegals:

| Timekeeper | Position | Experience | Hours Billed | Billing Rate |
|---|---|---|---|---|
| Patrick J. Collins | Partner | 32 | 7.5 | $275 |
| Patrice B. Collins | Associate | 4 | 56.65 | $150 |
| Andrew L. Hunter | Associate | 3 | 35.5 | $130 |
| Shae A. Steven | Associate | 7 | 67.7 | $185 |
| Barbara A. Dellis | Paralegal | 20 | 20.95 | $95 |
| Duane R. Miyashiro | Partner | 20 | 42.5 | $275 |
| Seth T. Buckley | Associate | 4 | 28.8 | $150 |
| Michael J. Scanlon | Associate | 5 | 5.0 | $175 |
| Ashley M. King | Paralegal | 8 | 9.5 | $85 |

The Court finds that these rates are reasonable in this case and comport with the prevailing community rates.

## B.    Hours Reasonably Expended

Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees bears the burden of proving that the fees and costs sought are associated with the relief requested and are reasonably necessary to achieve the results obtained.   See Tirona, 821 F. Supp. at 636; see also Sharp v. Hui Wahine,

22

413 P.2d 242, 246 (1966) (the party requesting fees has the burden to prove that the requested fees were reasonably and necessarily incurred).   The Court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.   Tirona, 821 F. Supp. at 637 (citation omitted).   Courts have the "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."   Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D. N.Y. 1992) (citation omitted).   Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. Hensley, 461 U.S. at 433-34 (1933).

OTS requests reimbursement for the following hours expended by counsel over the course of this litigation:

| Timekeeper | Hours Billed |
| --- | --- |
| Patrick J. Collins | 7.5 |
| Patrice B. Collins | 56.65 |
| Andrew L. Hunter | 35.5 |
| Shae A. Steven | 67.7 |
| Barbara A. Dellis | 20.95 |
| Duane R. Miyashiro | 42.5 |
| Seth T. Buckley | 28.8 |
| Michael J. Scanlon | 5.0 |
| Ashley M. King | 9.5 |

(Doc. 123-1 at 12.)

CU Pacific challenges OTS' request for hours expended on the grounds that some entries are block-billed and contain secretarial, or clerical, tasks.   (Doc.

23

154 at 17-20.)   After careful review of counsel's submissions, the Court finds that

reductions for clerical work and block-billing are unnecessary and inappropriate.

## 1.     Clerical Work

"[C]lerical or ministerial costs are part of an attorney's overhead and

are reflected in the charged hourly rate."   Jeremiah B. v. Dep't of Educ., Civ. No.

09-00262 DAE-LEK, 2010 WL 346454, at *5 (D. Haw. Jan 29, 2010) (citations

omitted).   The following is a list of tasks previously deemed clerical or ministerial

in this district and therefore deemed non-compensable:

> reviewing Court-generated notices; scheduling dates and deadlines; calendering dates and deadlines; notifying a client of dates and deadlines; preparing documents for filing with the Court; filing documents with the Court; informing a client that a document has been filed; personally delivering documents; bates stamping and other labeling of documents; maintaining and pulling files; copying, printing, and scanning documents; receiving, downloading, and emailing documents; and communicating with Court staff.

Hawaii Motorsports Inv., Inc. v. Clayton Group Servs., Inc., Civ. No. 09-00304

SOM-BMK, 2010 WL 4974867, at *5 (D. Haw. Dec. 1, 2010), adopted by Hawaii

Motorsports Inv., Inc. v. Clayton Group Servs., NC, Civ. No. 09-00304 SOM-BMK,

2010 WL 5395669 (D. Haw. Dec. 22, 2010).

Here, CU Pacific argues ten instances where OTS' counsel billed for,

what CU Pacific argues, is secretarial work.   (Doc. 154 at 18-20.)   Upon review of

the challenged entries, the Court finds that all of the entries detail work spent on

OTS' Motion to Dismiss, specifically, incorporating revisions and updating Table of Contents and Table of Authorities.   The Court finds that these tasks are not secretarial or clerical in nature, and instead, involve substantive work on OTS' Motions to Dismiss.   Accordingly, the Court recommends that no deductions be made to OTS' request for hours expended on the basis of secretarial or clerical work.

## 2.   Block Billing

CU Pacific further objects to OTS' request for hours expended on the basis that counsel's entries are in the improper block billing format.   (Doc. 154 at 17-18.)   "The term 'block billing' refers to the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks."   JJCO, Inc. v. Isuzu Motors America, Inc., Civ. No. 08-00419 SOM-LEK, 2010 WL 3001924, at *12 (citation omitted).   This practice violates Local Rule 54.3, which requires that the memorandum in support of the motion for attorneys' fees describe "the work performed by each attorney and paralegal, broken down by hours or factions thereof expended on each task[.]"   Local Rule 54.3(d).   District courts have the authority to reduce hours that are billed in block format because such a billing style makes it difficult for courts to ascertain how much time counsel expended on specified tasks. Welch v. Metro Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007).

As OTS points out, even a cursory review of counsel's time logs would show that while OTS' billing entries are organized into "blocks" by dates and legal professionals, each specific task is further broken up into six or fifteen minute increments.   (See Doc. 123-3, Doc. 123-6.)   Upon review, the Court is satisfied that each task detailed in counsel's billing entries, which is followed by a smaller increment of time in parenthesis, indicates the actual time spent on each specific task.   (Id.)   It is clear to the Court that these individually referenced time increments refers to the task immediately preceding it, and the Court finds that the time referenced for each task is reasonable.   Accordingly, the Court finds that OTS did not block bill, and therefore, the Court recommends that no deduction be made to OTS' billable hours due to block billing.

### 3.      Percentage Deduction for Non-Assumpsit Claims

Lastly, CU Pacific argues that any fee award must be apportioned between assumpsit and non-assumpsit claims.   (Doc. 154 at 20-21.)   Based on this Court's discussion above, see Section I.B. supra, all of the claims raised in CU Pacific's Amended and Second Amended Third-Party Complaints are in the nature of assumpsit.   Accordingly, this Court finds that a further reduction to account for non-assumpsit claims is not warranted.

### C.   Total Attorneys' Fee Award

Based upon the "reasonable hourly rate" found by this Court,

multiplied by "the number of hours reasonably expended on the litigation," see

Hensley, 461 U.S. at 433, this Court hereby finds the following hourly rates and

hours expended to be reasonable in this case:

| Timekeeper | Hours Billed | Billing Rate | Total Fee Award |
|---|---|---|---|
| Patrick J. Collins | 7.5 | $275 | $2,062.50 |
| Patrice B. Collins | 56.65 | $150 | $8,497.50 |
| Andrew L. Hunter | 35.5 | $130 | $4,615.00 |
| Shae A. Steven | 67.7 | $185 | $12,524.50 |
| Barbara A. Dellis | 20.95 | $95 | $1,990.25 |
| Duane R. Miyashiro | 42.5 | $275 | $11,687.50 |
| Seth T. Buckley | 28.8 | $150 | $4,320.00 |
| Michael J. Scanlon | 5.0 | $175 | $875.00 |
| Ashley M. King | 9.5 | $85 | $807.50 |

Therefore, the Court RECOMMENDS that OTS be awarded $47,379.75 in

attorneys' fees.

## II.   Costs

Pursuant to HRS § 607-9, which provides that costs other than

attorneys' fees "should be allowed to the prevailing party," OTS requests costs in the

amount of $690.65.   (Doc. 123 at 3; Doc. 123-1 at 2.)   Costs are also awardable on

assumpsit claims under HRS § 607-14.   See Fought & Co., Inc. v. Steel Eng'g &

Erection, Inc., 951 P.2d 487, 501 (1998).

Rule 54(d)(1) of the Federal Rules of Civil Procedure ("FRCP")

27

provides that costs, other than attorneys' fees, "should be allowed to the prevailing

party."   FRCP Rule 54(d)(1).   The Local Rules further provide that "[t]he party

entitled to costs shall be the prevailing party in whose favor judgment is entered, or

shall be the party who prevails in connection with a motion listed in LR 54.2(b)."

Local Rule 54.2(a).   Courts have discretion to award costs pursuant to Rule 54(d).

See Yasui v. Maui Elec. Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).   The

burden is on the losing party to demonstrate why costs should not be awarded.

Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999).   Local Rule 54.2(f)

provides clarification with respect to counsel's obligations in requesting costs.   See

Local Rule 54.2(f)(1)-(6).   Moreover, Local Rule 54.3(d)(3) mandates that "[i]n

addition to identifying each requested non-taxable expense, the moving party shall

set forth the applicable authority entitling the moving party to such expense and

should attach copies of invoices and receipts, if possible."

   As discussed above, OTS is the "prevailing party" in this matter.   As

such, OTS requests an award of costs in the amount of $690.65 for messenger

services, document reproduction, postage, and PACER fees.   (Doc. 123-4 at 1; Doc.

123-7 at 1.)   OTS maintains that these costs were necessarily and reasonably

incurred in defending against CU Pacific's meritless third-party claims.   (Doc.

123-1 at 8.)   CU Pacific objects to all of OTS' claimed costs on the grounds that

they are not taxable costs because they are not permitted by an express legal

authority, and it has not been demonstrated that the costs were reasonably necessary.

(Doc. 154 at 22-25.)   In large part, this Court agrees and recommends that OTS'

request for costs be GRANTED IN PART AND DENIED IN PART, for the

foregoing reasons.

### A.    Messenger Services

OTS first requests $20.00 for costs incurred for messenger and delivery

services.   (Docs. 123-4, 123-8.)   Non-taxable expenses are awarded pursuant to

state law in diversity cases.   <u>Farmers Ins. Exchange v. Law Offices of Conrado Joe

Sayas, Jr.</u>, 250 F.3d 1234, 1236 (9th Cir. 2001).   HRS § 607-9 expressly authorizes

the recovery of "[a]ll actual disbursements . . . sworn to by an attorney or a party, and

deemed reasonable by the court."

Here, OTS requests $20.00 in costs for messenger services for the

delivery of four documents to the Court on various dates.   (Doc. 123-7.)   Upon

review of the docket, the Court finds that deliveries of documents related to OTS'

Motions to Dismiss were made to the Court.   Based on this Court's knowledge of

messenger service charges in this community, the Court finds that these documents

were actually delivered to the Court on the dates sworn to by counsel and that these

costs are reasonably incurred in connection with the instant litigation.

29

Accordingly, this Court recommends that OTS' request for costs for messenger services be GRANTED, in the amount of $20.00.   See Pascual v. Aurora Loan Services, LLC, Civ. No. 10-00759 JMS-KSC, 2012 WL 5881972, at *11 (D. Haw. Oct. 31, 2012) (awarding costs pursuant to HRS § 607-9 for messenger services found by the Court to be reasonable).

### B.    Document Reproduction Costs

OTS requests $536.30 in document reproduction costs.   (See Docs. 123-4, 123-8.)   HRS § 607-9 expressly states that

> All actual disbursements, including but not limited to . . . incidental expenses, including copying costs . . . sworn to by an attorney or party and deemed reasonable by the court may be allowed in taxation of costs.

See also Buscher v. Boning, 159 P.3d 814, 834-36 (2007).   Local Rule 54.2(f)(4) further provides that

> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recover submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied.

The Local Rules further provide that "[t]he cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not taxable.   Local Rule 54.2(f)(4).

Contrary to the mandates of Local Rule 54.2, OTS failed to provide the

Court with any information regarding the documents copied, the number of pages

copied, the cost per page for copying costs that were not reproduced in house, and

the use of or intended purpose for the items copied.   Although OTS maintains that

the costs incurred "were reasonable and necessary under the circumstances, were

reasonable and customary for like work in similar actions, and are customary for like

work prevailing in the community," the Court finds that this explanation is

inadequate and fails to comply with Local Rule 54.2(f)(4).   The declarations of

OTS' counsel neither describes the documents copied, nor explains the use of or

intended purpose for the items copied.   Without this information, the Court cannot

determine whether the copies were necessary and/or reasonable.   Furthermore, the

Court has no means to determine whether the copies obtained were for the use and or

convenience of counsel.   Accordingly, this Court recommends that OTS' request

for reimbursement of document reproduction costs in the amount of $536.30 be

DENIED.   See Rodriguez v. General Dynamics Armament & Technical Products,

Inc., 775 F. Supp. 2d 1217, 1224-25 (D. Haw. 2011) (denying costs for copying

charges under similar circumstances).

### C.      Postage

OTS also request $4.56 in postage costs, and $70.68 in "Federal

Express Shipping Charges."   (Doc. 123-4.)   Like copying costs, costs incurred for

postage are taxable pursuant to HRS § 607-9.   Here, no receipt or proof of the

amount being charged was attached to OTS' request, nor did OTS provide any

documentation for this Court to conclude that the requested amounts in postage were

reasonably and necessarily incurred in this litigation.   Accordingly, this Court finds

that OTS did not demonstrate that its postage costs were reasonably and necessarily

incurred, and therefore, recommends that OTS' request for reimbursement of $75.24

in postage and shipping charges be DENIED.

### D.   PACER Fees

OTS requests costs in the amount of $19.60 for "PACER Search Fees."

(Doc. 123-4.)   Local Rule 54.2(f)(5) expressly prohibits the recovery of electronic

or computer research costs as a taxable cost.   Local Rule 54.2(f)(5); see also

Bjornen v. State Farm Fire & Cas. Co., 912 P.2d 602, 606 (Haw. App. 1996)

(holding that computerized legal research are a component of attorney fees and are

not taxable costs).   Accordingly, this Court recommends that OTS' request for

reimbursement of PACER search fees be DENIED.

### E.   Ambiguous Cost Item

Lastly, OTS requests $39.51 for costs incurred in relation to "Marathon

Document Solutions."   (Doc. 123-4.)   OTS' submissions to the Court do not

describe this cost item, nor does OTS provide any type of explanation as to the

grounds and authorities supporting this cost request.   Without this information, the Court cannot determine whether the cost attributed to Marathon Document Solutions was reasonably and necessarily incurred.   Accordingly, the Court recommends that OTS' request for reimbursement in the amount of $39.51 for costs attributed to Marathon Document Solutions be DENIED.

In sum, because OTS has failed to attach invoices, descriptions, or any explanation in support of its request for costs, even if CU Pacific would be liable for such expenses, the Court is unable to determine the reasonableness and/or necessity of the majority of OTS' alleged expenses.   Accordingly, the Court finds that OTS has provided insufficient support to demonstrate its claims for $690.65 in costs, and therefore, this Court recommends that OTS' request for costs be GRANTED IN PART AND DENIED IN PART.   This Court RECOMMENDS that OTS be reimbursed in the amount of $20.00 for messenger services costs incurred over the course of this litigation.

\\

\\

\\

\\

\\

## CONCLUSION

Based on the foregoing, the Court finds and recommends that OTS'

Motion for Attorneys' Fees and Costs be GRANTED IN PART AND DENIED IN

PART, in the amount of $47,379.75 in attorneys' fees, and costs in the amount of

$20.00, for a total award of $47,399.75.

IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawaii, November 20, 2015.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

CUMIS Insurance Society, Inc. v. CU Pacific Audit Solutions, LLC, Civ. No. 14-00140
LEK-BMK, FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN
PART THIRD PARTY DEFENDANT OTS EMPLOYEES FEDERAL CREDIT UNION'S
MOTION FOR ATTORNEYS' FEES AND COSTS.