IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CUMIS INSURANCE SOCIETY, INC., | ) ) ) | CIVIL NO. 14-00140 LEK-BMK |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| CU PACIFIC AUDIT SOLUTIONS, LLC, | ) ) ) | |
| Defendant/Third-Party Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| DONA TAKUSHI, JENNY NISHIDA, NICOLE CHEUNG and OTS EMPLOYEES FEDERAL CREDIT UNION, | ) ) ) ) ) | |
| Third-Party Defendants. | ) ) ) | |

**ORDER GRANTING DEFENDANT/THIRD PARTY PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON SECOND AMENDED THIRD PARTY COMPLAINT**

Before the Court is Defendant/Third Party Plaintiff CU Pacific Audit Solutions, LLC's ("CU Pacific") Motion for Partial Summary Judgment on Second Amended Third Party Complaint ("Motion"), filed on September 2, 2015.  [Dkt. no. 136.]  None of the pro se Third Party Defendants – Dona Takushi ("Takushi"), Jenny Nishida ("Nishida"), and Nicole Cheung ("Cheung," collectively "Former Employee Defendants") – responded to the Motion.  On October 8, 2015, this Court issued an entering order finding this matter suitable for disposition without a hearing

pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). [Dkt. no. 164.] After careful consideration of the Motion and the relevant legal authority, CU Pacific's Motion is HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

Plaintiff CUMIS Insurance Society, Inc. ("CUMIS") filed this action on March 20, 2014. The Complaint alleges that CUMIS insured OTS Employees Federal Credit Union ("OTS") "under the conditions of a fidelity bond which provided coverage to OTS for losses caused by, *inter alia*, employee dishonesty." [Complaint at ¶ 3.] According to the Complaint, on or about October 31, 2013, CUMIS made a $993,125.58 payment to OTS on a dishonesty claim. [Id. at ¶ 4.] By virtue of the payment, CUMIS is subrogated to OTS's rights to seek recovery for the loss. [Id. at ¶¶ 4, 36.]

The Complaint alleges that: Takushi "embezzled and misappropriated $182,980.26 from OTS" when she was OTS's chief executive officer/manager from December 18, 2003 to February 1, 2013; [id. at ¶ 13;] Nishida "embezzled and misappropriated $651,064.71 from OTS" when she was a Member Service Representative at OTS from May 15, 2006 to April 3, 2012; [id. at ¶ 19;] and Cheung "embezzled and misappropriated $188,920.59 from OTS" when she was a Member Service Representative II at OTS from

2

October 13, 2003 to February 5, 2014 [id. at ¶ 25].  OTS discovered the embezzlements on or about December 6, 2013.  It terminated the employment of each of the Former Employee Defendants and reported the embezzlement to law enforcement. [Id. at ¶ 33.]

According to the Complaint, CU Pacific holds itself out as a certified public accounting firm specializing in auditing, compliance, and accounting services for credit unions. CU Pacific was OTS's independent external auditor for the year ending December 31, 2006 through the year ending December 31, 2012.  [Id. at ¶¶ 6-8.]  CUMIS alleges that CU Pacific failed to detect the Former Employee Defendants' long-term embezzlement and misappropriations while it served as OTS's auditing firm.  [Id. at ¶¶ 18, 24, 32.]

The Complaint alleges the following claims: breach of the audit services agreements ("Count I"); negligent misrepresentation ("Count II"); professional negligence ("Count III"); and violation of Haw. Rev. Stat. Chapter 481A, the Uniform Deceptive Trade Practices Act ("Count IV").  CUMIS prays for the following relief: general and special damages of at least $933,125.58; pre-judgment and post-judgment interest; reasonable attorneys' fees and costs; and any other appropriate relief.

On May 20, 2014, CU Pacific filed its answer to the Complaint, including a Third Party Complaint against the Former

Employee Defendants and OTS. [Dkt. no. 14.] CU Pacific filed its Amended Third Party Complaint on May 22, 2014. [Dkt. no. 18.] Takushi and Cheung filed their answers to the Amended Third Party Complaint on July 1, 2014. [Dkt. nos. 26, 27.] OTS filed a motion to dismiss the Amended Third Party Complaint on July 31, 2014, and this Court granted the motion on November 30, 2014. [Dkt. nos. 39, 59.]

CU Pacific filed its Second Amended Third Party Complaint on January 7, 2015. [Dkt. no. 60.] It alleges the following claims: a claim for indemnity, contribution, reimbursement and/or equitable subrogation against the Former Employee Defendants ("Third Party Count I"); and a claim that OTS made misrepresentations in the Management Representation Letters ("Third Party Count II"). CU Pacific seeks the following relief: if CUMIS is found to be entitled to any judgment, the judgment be entered against the Former Employee Defendants; a judgment for indemnity, contribution and/or reimbursement if CU Pacific and any of the Former Employee Defendants are found to be joint tortfeasors; damages; attorneys' fees and costs; and any other appropriate relief. On February 9, 2015, OTS filed a motion to dismiss the claim against it in the Second Amended Third Party Complaint, and this Court granted the motion on June 30, 2015. [Dkt. nos. 78, 110.] This Court dismissed Third Party Count II with prejudice.

In the instant Motion, CU Pacific presents evidence that, on April 23, 2014, the United States of America filed a criminal information against each of the Former Employee Defendants. Nishida and Cheung were each charged with one count of Embezzlement and Misapplication by a Credit Union Employee, in violation of 18 U.S.C. § 657. [Concise Statement, filed 9/2/15 (dkt. no. 137), Exhs. N1 (Nishida Information), C1 (Cheung Information).] Takushi was charged with one count of Embezzlement and Misapplication by a Credit Union Employee and two counts of False Credit Union Entries, in violation of 18 U.S.C. § 1006. [Id., Exh. T1 (Takushi Information).] Each of the Former Employee Defendants pled guilty pursuant to a plea agreement. [Id., Exhs. N2 (Nishida Memorandum of Plea Agreement ("Nishida Plea Agreement")), N3 (Nishida Judgment in a Criminal Case ("Nishida Judgment")), C2 (Cheung Memorandum of Plea Agreement ("Cheung Plea Agreement")), C3 (Cheung Judgment in a Criminal Case ("Cheung Judgment")), T2 (Takushi Memorandum of Plea Agreement ("Takushi Plea Agreement")), T3 (Takushi Judgment in a Criminal Case ("Takushi Judgment")).] Nishida was sentenced to, *inter alia*, thirteen months of imprisonment and was ordered to pay $330,459.99 in restitution to CUMIS. [Nishida Judgment at 2, 4.] Cheung was sentenced to, *inter alia*, twenty days of imprisonment and was ordered to pay $21,607.00 in restitution to CUMIS. [Cheung Judgment at 2, 4.] Takushi was sentenced to,

*inter alia*, fifteen months of imprisonment and was ordered to pay $78,138.55 in restitution to CUMIS.  [Takushi Judgment at 2, 4.]  None of the Former Employee Defendants filed a notice of appeal.  See United States v. Nishida, CR 14-00458 SOM; United States v. Cheung, CR 14-00459 SOM; United States v. Takushi, CR 14-00460 HG.

In the instant Motion, CU Pacific seeks partial summary judgment against the Former Employee Defendants, severally, in at least the amount of the their respective restitution awards.

### DISCUSSION

The Nishida Information alleged that she "knowingly, willfully and with intent to injure and defraud [OTS], did embezzle, abstract, purloin and misapply over $1,000 in moneys, funds and credits which were entrusted to the care and custody of [OTS]."  [Nishida Information at ¶ 5.]  The Cheung Information and the Takushi Information contain the same allegation.  [Cheung Information at ¶ 5; Takushi Information at ¶ 5.]

In her plea agreement, Nishida acknowledged that the following are the elements of the violation of § 657 in her case:

    (a)  the defendant was an employee of [OTS];

    (b)  the defendant knowingly and willfully stole, embezzled, or misapplied funds or credits belonging to [OTS] or entrusted to its care in excess of $1,000;

    (c)  the defendant acted with the intent to injure or defraud [OTS];

6

>   (d)  [OTS] was then insured by the National Credit Union Administration Board;
>
>   (e)  the amount of money taken was more than $1,000.

[Nishida Plea Agreement at ¶ 1.] She admitted the elements of the offense, in particular, that she "knowingly, willfully and intentionally embezzled or misapplied funds or credits which were entrusted to the care and custody of" OTS and that she "falsely inputted 122 false Visa payments totaling $385,685." [Id. at ¶¶ 8.a, b.] Nishida agreed to pay restitution to CUMIS in an amount to be determined at sentencing. [Id. at ¶ 10.f.]

Similarly, in her plea agreement, Cheung acknowledged the same elements and admitted, *inter alia*, that she "knowingly, willfully and with intent to injure and defraud [OTS], did embezzle, abstract, purloin and misapply over $1,000 in moneys, funds and credits which were entrusted to the care and custody of" OTS, and that she "falsely inputted approximately 54 false Visa payments" totaling $16,732. [Cheung Plea Agreement at ¶¶ 1, 8.d, e, f.] Cheung agreed to pay $16,732 in restitution to CUMIS. [Id. at ¶ 10.e.]

Takushi acknowledged the same elements of the § 657 offense, as well as the elements of a violation of 18 U.S.C. § 1006. [Takushi Plea Agreement at ¶ 1.] She admitted, *inter alia*, that she: 1) "falsely inputted 6 false Visa payments totaling $40,970.63"; [id. at ¶ 8.c;] 2) "made 153 false entries

7

into the books, reports, and statements of" OTS that enabled her and an associate, J.Y., to obtain additional loans that they could not have obtained otherwise, and the loans had an outstanding balance of $55,188.55 when the false entries were discovered; [id. at ¶¶ 8.d, e;] and 3) "made false entries into the books, reports, and statements of" OTS regarding a 2008 Subaru Forester relinquished to OTS – including "a charge off of this delinquent care loan in the amount of $18,251" – so that she could transfer title to the vehicle to herself and a family member [id. at ¶¶ 8.f, g].  Takushi agreed to pay restitution to CUMIS in an amount to be determined at sentencing.  [Id. at ¶ 10.f.]

    This Court finds that there are no genuine issues of material fact regarding the criminal charges filed against the Former Employee Defendants and the judgments entered in their respective cases.  See Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").  The issue before this Court is what legal effect those judgments have in the instant case.

        18 U.S.C. § 3664(l) states:

    A conviction of a defendant for an offense
    involving the act giving rise to an order of
    restitution shall estop the defendant from denying
    the essential allegations of that offense in any

> subsequent Federal civil proceeding or State civil
> proceeding, to the extent consistent with State
> law, brought by the victim.

Each of the Former Employee Defendants has been convicted of "an offense involving the act giving rise to an order of restitution." Thus, in the instant case, each of them is estopped from denying "the essential allegations" of the § 657 violation, and for Takushi, the § 1006 violation. They are estopped from denying that they "knowingly and willfully stole, embezzled, or misapplied funds or credits belonging to" OTS. That fact is sufficient to support a conclusion that either OTS's liability to CUMIS is "the legal result of acts and/or omissions of [the Former Employee Defendants] and not the legal result of any act or omission of [CU Pacific]" or "is passive and secondary and liability of [the Former Employee Defendants] is active and primary." [Second Amended Third Party Complaint at ¶¶ 4-5.] This Court therefore CONCLUDES that, based on the operation of § 3664(l), CU Pacific is entitled to judgment as a matter of law as to Third Party Count I against the Former Employee Defendants.

The final issue raised by the instant Motion is whether § 3664(l) also applies to the amounts of the Former Employee Defendants' restitution orders. Although the amounts of the losses represented in the restitution orders were not essential allegations of the offenses, § 3664(l) "simply implements issue preclusion or collateral estoppel principles." Wiand v. Cloud,

9

919 F. Supp. 2d 1319, 1329 n.12 (M.D. Fla. 2013).  Whether this Court follows federal case law regarding issue preclusion because it is interpreting § 3664(l) – a federal statute – or whether it follows Hawai`i case law because this Court has diversity jurisdiction over this action,[1] the principles are the same.  Compare Herb Reed Enters., LLC v. Florida Entm't Mgmt., Inc., 736 F.3d 1239, 1245 (9th Cir. 2013) (stating that issue preclusion "prohibits 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment'" (quoting New Hampshire v. Maine, 532 U.S. 742, 748–49, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001))), with United Pub. Workers, AFSCME, Local 646, AFL CIO v. Abercrombie, 133 Hawai`i 188, 222, 325 P.3d 600, 634 (2014) ("[I]ssue preclusion . . . prevents the parties or their privies from relitigating any issue that was actually litigated and finally decided in the earlier action." (alterations in United Pub. Workers) (citation and quotation marks omitted)).

        The amounts of the losses reflected in the restitution orders were issues of fact that were actually and fairly

---

[1] CUMIS filed this action based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332, and CU Pacific filed its third party complaint based on supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a).  [Complaint at ¶ 10; Second Amended Third Party Complaint at ¶ 2.]  "As a federal court sitting in diversity jurisdiction, the Court is compelled to apply the applicable law of the State of Hawaii pertaining to former adjudication."  Wailua Assocs. v. Aetna Cas. & Sur. Co., 27 F. Supp. 2d 1211, 1217 (D. Hawai`i 1998).

litigated in the Former Employee Defendants' sentencing proceedings, and the resolutions of those issues are memorialized in final judgments.  This Court therefore concludes that, because § 3664(l) implements issue preclusion principles and the restitution orders also meet the requirements for issue preclusion, § 3664(l) applies to the Former Employee Defendants' restitution orders.  Thus, this Court CONCLUDES that CU Pacific is entitled to summary judgment against the Former Employee Defendants on Third Party Count I, in the amounts of their respective restitution orders.[2]  To the extent that CU Pacific seeks judgment against the Former Employee Defendants in amounts beyond the amounts of the restitution orders, it must establish entitlement to the additional amounts without regard to § 3664(l).

---

[2] This Court notes that, although Cheung only admitted to making false payments totaling $16,732.00 and she agreed to pay $16,732.00 in restitution to CUMIS, she was ultimately ordered to pay $21,607.00 in restitution. [Cheng Plea Agreement at ¶ 10.e; Cheung Judgment at 4.]  However, even assuming, *arguendo*, that this was an error, Cheung's failure to file a timely notice of appeal deprived the Ninth Circuit of jurisdiction to hear any challenge to the restitution order.  See Moran v. Hill, 616 F. App'x 367, 368 (9th Cir. 2015) ("We lack jurisdiction to consider Moran's challenges to the order denying his motion for reconsideration of his motion for new trial because Moran failed to file a timely notice of appeal of this order." (citing Fed. R. App. P. 4(1)(A))).  Thus, it is the amount of Cheung's restitution order that controls.

**CONCLUSION**

On the basis of the foregoing, CU Pacific's Motion for Partial Summary Judgment on Second Amended Third Party Complaint, filed September 2, 2015, is HEREBY GRANTED. This Court GRANTS summary judgment in favor of CU Pacific as to Count I of the Second Amended Third Party Complaint, filed January 7, 2015, against Defendant Nishida in the amount of $330,459.99, against Defendant Cheng in the amount of $21,607.00, and against Defendant Takushi in the amount of $78,138.55.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 30, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CUMIS INSURANCE SOCIETY, INC. VS. CU PACIFIC AUDIT SOLUTIONS, LLC, ETC; CIVIL 14-00140 LEK-BMK; ORDER GRANTING DEFENDANT/THIRD PARTY PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON SECOND AMENDED THIRD PARTY COMPLAINT**