IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CUMIS INSURANCE SOCIETY, INC., | ) CIVIL NO. 14-00140 LEK-BMK<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| CU PACIFIC AUDIT SOLUTIONS, LLC, | )<br>)<br>) |
| Defendant/Third-Party Plaintiff, | )<br>)<br>) |
| vs. | )<br>) |
| DONA TAKUSHI, JENNY NISHIDA, NICOLE CHEUNG and OTS EMPLOYEES FEDERAL CREDIT UNION, | )<br>)<br>)<br>)<br>) |
| Third-Party Defendants. | )<br>)<br>) |

**ORDER DENYING THIRD-PARTY PLAINTIFF CU PACIFIC AUDIT SOLUTIONS, LLC'S OBJECTIONS TO FINDINGS AND RECOMMENDATIONS [ECF NO. 182]; AND ADOPTING THE FINDINGS AND RECOMMENDATION**

On November 20, 2015, the magistrate judge filed his Findings and Recommendation to Grant in Part and Deny in Part Third Party Defendant OTS Employees Federal Credit Union's Motion for Attorneys' Fees and Costs ("F&R"). [Dkt. no. 182.] Defendant/Third-Party Plaintiff CU Pacific Audit Solutions, LLC ("CU Pacific") filed its objections to the F&R ("Objections") on December 1, 2015. [Dkt. no. 187.] Third-Party Defendant OTS Employees Federal Credit Union ("OTS") filed its response to CU Pacific's Objections ("Response") on December 16, 2015. [Dkt.

no. 196.]  The Court has considered this matter without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Objections, the Response, and the relevant legal authority, the Objections are HEREBY DENIED, and the F&R is HEREBY ADOPTED because there was a contractual relationship between CU Pacific and OTS, and the claims brought by CU Pacific against OTS were based on that contractual relationship.  Therefore, the litigation was in the nature of assumpsit.  As the prevailing party, OTS is entitled to an award of attorneys' fees and costs against CU Pacific after the entry of final judgment, which has not yet occurred.

## BACKGROUND

Plaintiff CUMIS Insurance Society, Inc. ("CUMIS") filed its Complaint against CU Pacific on March 20, 2014.  [Dkt. no. 1.]  On May 20, 2014, CU Pacific filed its answer, with a Third Party Complaint against Third-Party Defendants Dona Takushi, Jenny Nishida, and Nicole Cheung (collectively "Former Employees"), and OTS.  [Dkt. no. 14.]  CU Pacific filed its Amended Third Party Complaint on May 22, 2014, and its Second Amended Third Party Complaint on January 7, 2015.  [Dkt. nos. 18, 60.]  This Court summarized the relevant allegations in this case in the November 30, 2014 Order Granting OTS Employees Federal

Union Motion to Dismiss ("11/30/14 Order").  [Dkt. no. 59.[1]]

According to the Complaint, CUMIS is a fidelity insurer of credit unions, and it insured OTS "under the conditions of a fidelity bond which provided coverage to OTS for losses caused by, *inter alia*, employee dishonesty."  The Complaint alleges that CU Pacific "holds itself out as a certified public accounting firm[,] . . . registered with the Hawai`i Board of Accountancy," and specializing in credit union audits, compliance, and accounting services.  CU Pacific served as OTS's independent external auditor for the years ending December 31, 2006, through December 31, 2012.

According to the Complaint, during various periods between October 2003 and February 2013, [the Former Employees] allegedly embezzled and misappropriated funds while employed at OTS. After discovering the embezzlements on or about December 6, 2013, OTS: terminated their employment; reported the embezzlement to law enforcement; and filed an employee dishonesty bond claim with CUMIS.  CUMIS found that the claim was meritorious and made a claim payment of $993,125.58 to compensate OTS for its loss.  CUMIS alleges that, by virtue of this payment, it became subrogated to OTS's rights to seek recovery from the alleged wrongdoers.

The Complaint alleges that OTS is required by law to have an independent, annual business audit, performed by a certified public accountant in compliance with National Credit Union Association regulations.  According to the Complaint, CU Pacific made several representations to OTS about what CU Pacific would do:  produce audit reports in compliance with all relevant regulatory requirements and attestation standards; examine the internal controls of OTS to make recommendations for improvements; review employee accounts, official accounts, and credit card creation; review and reconcile general ledger accounts; and reconcile OTS's credit card loans to

---

[1] The 11/30/14 Order is also available at 2014 WL 6749229.

> the supporting information provided by OTS's credit card processor.
>
> . . . The Amended Third Party Complaint alleges three claims: 1) CU Pacific is entitled to recover from OTS based upon indemnity, contribution, reimbursement and/or equitable subrogation ("Third-Party Count I"); 2) OTS breached the Management Representation Letters that it executed for each of the audits by CU Pacific (collectively "the Management Representation Letters"), and OTS's breach is the legal cause of both CU Pacific becoming involved in litigation with CUMIS and CU Pacific suffering other injuries and damages ("Third-Party Count II"); and 3) OTS's negligent failure to follow CU Pacific's recommendations in the audit reports is the legal cause of injuries and/or damages to OTS and/or CUMIS ("Third-Party Count III").

11/30/14 Order, 2014 WL 6749229, at *1-2 (some alterations in 11/30/14 Order) (citations omitted).

In the 11/30/14 Order, this Court found that CUMIS has conventional subrogation rights as to the amount of the loss payment and stands in OTS's shoes as OTS's subrogee. In light of CUMIS's role as subrogee and CU Pacific's ability to raise contribution, indemnity, reimbursement, subrogation and OTS's negligence against CUMIS, this Court dismissed Third-Party Counts I and III with prejudice. Id. at *5-6. This Court, however, concluded that it was unclear whether Third-Party Count II alleged what should be a breach of contract defense to CUMIS's claims or an affirmative claim for relief, such as misrepresentation. This Court therefore dismissed Third-Party Count II without prejudice. Id. at *6.

The Second Amended Third Party Complaint was based upon the same factual allegations as the Amended Third Party Complaint.  The Second Amended Third Party Complaint alleged: a claim for indemnity, contribution, reimbursement and/or equitable subrogation against the Former Employees ("Amended Third-Party Count I"); and a misrepresentation claim against OTS ("Amended Third-Party Count II").  In the June 30, 2015 Order Granting Motion to Dismiss Second Amended Third-Party Complaint as to OTS Employees Federal Credit Union ("6/30/15 Order"), this Court dismissed Amended Third-Party Count II with prejudice because CU Pacific could assert OTS's alleged misrepresentations as a defense against CUMIS's claims.  [Dkt. no. 110 at 7-8.[2]] CU Pacific's Amended Third-Party Count I remains against the Former Employees and is currently set for trial on February 2, 2016.

Pursuant to the 6/30/15 Order, the Clerk's Office terminated OTS as a party on July 29, 2015.  On August 6, 2015, OTS filed its Motion for Attorneys' Fees and Costs ("Fee Motion"), seeking $74,130.39 in attorneys' fees and $690.65 in costs from CU Pacific.  [Dkt. no. 123.]  In the F&R, the magistrate judge recommends that this Court grant the Fee Motion in part and deny in part.  The magistrate judge ruled that all of CU Pacific's claims against OTS sounded in the nature of

---

[2] The 6/30/15 Order is also available at 2015 WL 4002240.

assumpsit, and, as the prevailing party, OTS is entitled to attorneys' fees pursuant to Haw. Rev. Stat. § 607-14.[3] [F&R at 17.] The F&R recommends that this Court award OTS $47,379.75 in attorneys' fees, and $20.00 in costs, for a total award of $47,399.75. [Id. at 34.]

The sole argument that CU Pacific raises in the Objections is that the magistrate judge erred in ruling that its claims against OTS sounded in assumpsit.

---

[3] Section 607-14 states, in pertinent part:

> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.
>
> . . . .
>
> The above fees provided for by this section shall be assessed on the amount of the judgment exclusive of costs and all attorneys' fees obtained by the plaintiff, and upon the amount sued for if the defendant obtains judgment.

**STANDARD**

This Court reviews a magistrate judge's findings and recommendations under the following standard:

> When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also United States v. Raddatz, 447 U.S. 667, 673 (1980); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").
>
> Under a de novo standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006); United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. United States v. Remsing, 874 F.2d 614, 616 (9th Cir. 1989).

Muegge v. Aqua Hotels & Resorts, Inc., Civil 09-00614 LEK-BMK, 2015 WL 4041313, at *2 (D. Hawai`i June 30, 2015) (alteration in Muegge) (some citations omitted). Thus, this Court must conduct a de novo review of the magistrate judge's ruling that CU Pacific's claims against OTS were in the nature of assumpsit.

**DISCUSSION**

**I.   CU Pacific's Objections**

Under Hawai`i law,

> "Assumpsit . . . allows for the recovery of damages for the non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." Leslie v. Estate of Tavares, 93 Hawai`i 1, 5, 994 P.2d 1047, 1051 (2000) (citation omitted, emphasis added). "When the recovery of money damages is not the basis of a claim factually implicating a contract, the action is not in the nature of assumpsit." Id. at 7, 994 P.2d at 1053 (citation and internal quotation marks omitted).

Kim v. Kam, 128 Hawai`i 366, 369, 289 P.3d 1002, 1005 (Ct. App. 2012) (alteration in original).  The Hawai`i Supreme Court has recognized that, although "[t]he manner in which [the] plaintiff has characterized the action may . . . be accorded some weight,"

> [t]he character of the action should be determined from the facts and issues raised in the complaint, the nature of the entire grievance, and the relief sought.  Where there is doubt as to whether an action is in assumpsit or in tort, there is a presumption that the suit is in assumpsit. Further, a plaintiff's prayer for attorney fees is a significant indication that the action is in assumpsit.

Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 113 Hawai`i 251, 281, 151 P.3d 732, 762 (2007) (citations and quotation marks omitted).

In the instant case, it is undisputed that there was a contractual relationship between CU Pacific and OTS.  Further, the claims that CU Pacific attempted to bring against OTS were

clearly related to that contractual relationship.  It is true that this fact alone does not render the litigation between CU Pacific and OTS an assumpsit action.  *See* TSA Int'l Ltd. v. Shimizu Corp., 92 Hawai`i 243, 264, 990 P.2d 713, 734 (1999). However, this Court dismissed each of CU Pacific's claims against OTS because each purported claim presented an issue or defense that must be raised against CUMIS, as OTS's subrogee.  11/30/14 Order, 2014 WL 6749229, at *5-6; 6/30/15 Order, 2015 WL 4002240, at *3-4.  CUMIS's claims against CU Pacific include a claim that CU Pacific breached the Audit Services Agreement between OTS and CU Pacific.  [Complaint at ¶¶ 42-48.]  Third-Party Count I alleged that, if CU Pacific was liable for damages to CUMIS, CU Pacific was entitled to "indemnity, contribution, reimbursement and/or equitable subrogation" from, *inter alia*, OTS.  [Amended Third Party Complaint at ¶ 6.]  Thus, Third-Party Count I sought to recover damages based on contractual obligations.

        Third-Party Count II alleged that OTS breached the Management Representation Letters that comprised the Audit Services Agreement.  [Amended Third Party Complaint at ¶¶ 7-16.] After CU Pacific amended that claim in response to the 11/30/14 Order, Amended Third-Party Count II was based on allegedly false representations that OTS made in the Management Representation Letters.  [Second Amended Third Party Complaint at ¶¶ 7-21.]  It

specifically alleged that, "[i]f OTS had not made one or more of the representations made in the Management Representation Letters, CU Pacific would have withdrawn from the Supervisory Committee Audit engagement without issuing an audit report." [Id. at ¶ 20.]  In other words, CU Pacific would not have entered into, or would have terminated, the contractual relationship. Third-Party Count III alleged that OTS negligently failed to follow the recommendations that CU Pacific made in the audit reports which CU Pacific generated pursuant to the Audit Services Agreement.  [Amended Third Party Complaint at ¶¶ 17-20.]  In addition, CU Pacific sought an award of attorneys' fees against both OTS and the Former Employees.  [Id. at ¶ C; Second Amended Third Party Complaint at ¶ C.]

Although CU Pacific attempted to characterize these against OTS as negligence and misrepresentation claims, its characterization is not dispositive.  See Kahala Royal, 113 Hawai`i at 281, 151 P.3d at 762 (stating that "[t]he manner in which [the] plaintiff has characterized the action **may** . . . be accorded **some** weight" (emphases added)).  Based upon its review of the factual allegations, issues raised, and relief sought in the Amended Third Party Complaint and the Second Amended Third Party Complaint, this Court CONCLUDES that the "essential character" of CU Pacific's claims against OTS was in the nature of assumpsit.  See Kamalu v. Paren, Inc., 110 Hawai`i 269, 275,

10

132 P.3d 378, 384 (2006) ("Whether assumpsit exists so as to trigger HRS § 607-14 depends upon the essential character of the underlying action in the trial court." (citation and internal quotation marks omitted)). Further, this Court CONCLUDES that, as the prevailing party in the litigation between them, OTS is entitled to an award of attorneys' fees against CU Pacific pursuant to § 607-14.

Insofar as CU Pacific did not object to the F&R on any other ground, the Objections are DENIED, and the F&R is ADOPTED as the order of this Court.

## II. Timing of the Award

OTS's Fee Motion is GRANTED IN PART AND DENIED IN PART. It is GRANTED insofar as this Court AWARDS OTS $47,379.75 in attorneys' fees and $20.00 in costs, for a total award of $47,399.75. To the extent that the Fee Motion sought a larger award, the motion is DENIED.

However, this Court notes that motions for attorneys' fees are generally filed after the entry of judgment. See Fed. R. Civ. P. 54(d)(2)(B)(i)-(ii) (stating that, "[u]nless a statute or a court order provides otherwise," a motion for attorneys' fees must "be filed no later than 14 days **after the entry of judgment**" and must "specify the **judgment** and the statute, rule, or other grounds entitling the movant to the award" (emphases added)); Local Rule LR54.3(a), (c) (same). Although the Clerk's

11

Office has terminated OTS as a party, there has been no entry of judgment in this case, and this Court did not give OTS leave to file the Fee Motion prior to the entry of judgment.

The magistrate judge and this Court have ruled on the merits of the Objections and the Fee Motion because the only remaining claim in this case is CU Pacific's Amended Third-Party Count I against the Former Employees,[4] and the disposition of that claim will not affect either the dismissal of OTS as a party or the rulings on the Fee Motion. However, this Court will not order the immediate payment of the fee award because, once a judgment has been entered, CU Pacific will have the opportunity to appeal this Court's rulings regarding its claims against OTS and/or its rulings regarding the Fee Motion. This Court therefore ORDERS that CU Pacific is not required to pay the fee award to OTS until twenty-one days after the entry of a final judgment in favor of OTS. Unless CU Pacific files a timely notice of appeal and obtains an order staying the enforcement of the award pending appeal, CU Pacific must pay the award to OTS – through OTS's counsel – at that time.

## CONCLUSION

On the basis of the foregoing, CU Pacific's objections to the magistrate judge's January 11, 2015 Findings and

---

[4] CUMIS and CU Pacific have settled all claims between them and will submit a stipulation to dismiss. [EO, filed 12/24/15 (dkt. no. 211); EO, filed 12/28/15 (dkt. no. 213).]

Recommendation to Grant in Part and Deny in Part Third Party Defendant OTS Employees Federal Credit Union's Motion for Attorneys' Fees and Costs are HEREBY DENIED, and the magistrate judge's F&R is HEREBY ADOPTED.

OTS's Motion for Attorneys' Fees and Costs, filed August 6, 2015, is therefore GRANTED IN PART AND DENIED IN PART. The Fee Motion is GRANTED insofar as this Court AWARDS OTS $47,379.75 in attorneys' fees and $20.00 in costs, for a total award of $47,399.75. The Fee Motion is DENIED in all other respects. This Court ORDERS CU Pacific to pay the award to OTS according to the terms set forth in the instant Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 15, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CUMIS INSURANCE SOCIETY, INC. VS. CU PACIFIC AUDIT SOLUTIONS, LLC, ET AL; CIVIL 14-00140 LEK-BMK; ORDER DENYING THIRD-PARTY PLAINTIFF CU PACIFIC AUDIT SOLUTIONS, LLC'S OBJECTIONS TO FINDINGS AND RECOMMENDATIONS [ECF NO. 1821]; AND ADOPTING THE FINDINGS AND RECOMMENDATION**