IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CUMIS INSURANCE SOCIETY, INC., | CIVIL NO. 14-00140 LEK-BMK |
| Plaintiff, | |
| vs. | |
| CU PACIFIC AUDIT SOLUTIONS, LLC, | |
| Defendant/Third-Party Plaintiff, | |
| vs. | |
| DONA TAKUSHI, JENNY NISHIDA, NICOLE CHEUNG and OTS EMPLOYEES FEDERAL CREDIT UNION, | |
| Third-Party Defendants. | |

**ORDER GRANTING DEFENDANT/THIRD-PARTY PLAINTIFF
CU PACIFIC AUDIT SOLUTIONS, LLC'S MOTION FOR
<u>ENTRY OF JUDGMENT PURSUANT TO RULE 54(C)</u>**

Before the Court is Defendant/Third-Party Plaintiff CU Pacific Audit Solutions, LLC's ("CU Pacific") Motion for Entry of Judgment Pursuant to Rule 54(c) ("Motion"), filed on January 21, 2016.  [Dkt. no. 224.]  None of the pro se Third Party Defendants – Dona Takushi ("Takushi"), Jenny Nishida ("Nishida"), and Nicole Cheung ("Cheung," collectively "Former Employee Defendants") – responded to the Motion.  The Court finds this matter suitable for disposition without a hearing pursuant

to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion and the relevant legal authority, CU Pacific's Motion is HEREBY GRANTED, although on different grounds than those argued in the Motion.

### BACKGROUND

The relevant factual and procedural background is set forth in this Court's November 30, 2015 Order Granting Defendant/Third Party Plaintiff's Motion for Partial Summary Judgment on Second Amended Third Party Complaint ("11/30/15 Order").[1]  [Dkt. no. 186 at 2-4.[2]]  As noted in the 11/30/15 Order, CU Pacific filed its Second Amended Third Party Complaint on January 7, 2015.  [Dkt. no. 60.]  It alleges the following claims: a claim for indemnity, contribution, reimbursement and/or equitable subrogation against the Former Employee Defendants ("Third Party Count I"); and a claim that Third-Party Defendant OTS Employees Federal Credit Union ("OTS") made misrepresentations in the Management Representation Letters ("Third Party Count II").  On June 30, 2015, this Court granted

---

[1] CU Pacific filed the Motion for Partial Summary Judgment on Second Amended Third Party Complaint ("Motion for Summary Judgment") on September 2, 2015.  [Dkt. no. 136.]  None of the Former Employee Defendants responded to the Motion for Summary Judgment.  See 11/30/15 Order at 1.

[2] The 11/30/15 Order is also available at 2015 WL 7737311.

OTS's February 9, 2015 motion to dismiss Third-Party Count II with prejudice ("6/30/15 Order").  [Dkt. nos. 78, 110.]  Pursuant to the 6/30/15 Order, the Clerk's Office terminated OTS as a party on July 29, 2015.

In the 11/30/15 Order, this Court granted summary judgment – pursuant to 18 U.S.C. § 3664(l) – in favor of CU Pacific as to Third Party Count I against Nishida in the amount of $330,459.99, against Cheng in the amount of $21,607.00, and against Defendant Takushi in the amount of $78,138.55.  [11/30/15 Order at 11-12.]  This Court stated that: "To the extent that CU Pacific seeks judgment against the Former Employee Defendants in amounts beyond the amounts of the restitution orders, it must establish entitlement to the additional amounts without regard to § 3664(l)."  [Id. at 11.]

On December 29, 2015, CU Pacific obtained an entry of default against Nishida.  [Dkt. no. 218.]  CU Pacific has not moved for default judgment against Nishida.

On January 12, 2016, this Court approved and filed the Stipulation for Partial Dismissal with Prejudice and Order ("1/12/16 Stipulation").  [Dkt. no. 221.]  Plaintiff CUMIS Insurance Society, Inc. ("CUMIS"), CU Pacific, Takushi, and Chung stipulated to dismiss, with prejudice: CUMIS's Complaint against CU Pacific; [filed 3/20/14 (dkt. no. 1);] and CU Pacific's Second

Amended Third Party Complaint as to OTS only.[3]  The Clerk's Office terminated CUMIS as a party on January 12, 2016.

In the instant Motion, CU Pacific states that it "is electing to forego any additional judgments against the Former Employee Defendants."  [Mem. in Supp. of Motion at 2.]  It asks this Court to reduce the 11/30/15 Order to a final judgment pursuant to Fed. R. Civ. P. 54(c).  On January 22, 2016, this Court held a status conference regarding the remaining claims in this case and discussed the filing of the instant Motion.  Cheung participated in the status conference, but Takushi did not appear.  [Minutes, filed 1/22/16 (dkt. no. 226).]

## DISCUSSION

Fed. R. Civ. P. 54(c) states: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.  Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."  Parties generally invoke Rule 54(c) to obtain **more** relief than they demanded in their pleadings.  See, e.g., Robinson v. Delgado, No. CV 02-1538 NJV, 2010 WL 1838866, at *3 (N.D. Cal. May 3, 2010) ("The Ninth Circuit has held that 'if a party, by virtue of Rule 54(c), is

---

[3] The Court notes that the 1/12/16 Stipulation was unnecessary as to OTS in light of the 6/30/15 Order, which dismissed Third Party Count II (the only count in the Second Amended Third Party Complaint against OTS) with prejudice.

entitled to some form of relief beyond that included in judgment, the time to demand such relief is immediately after the entry of judgment ([Fed. R. Civ. P.] 59(e)), or at the latest, on appeal.' Rule 54(c) provides that the latest point at which the plaintiff may demand punitive damages would be on appeal." (quoting <u>Brotherhood of Locomotive Firemen and Enginemen v. Butte, A. & P. Ry. Co.</u>, 286 F.2d 706, 709 (9th Cir. 1961))).

This Court CONCLUDES that Rule 54(c) is inapplicable to the instant case. CU Pacific as already obtained partial summary judgment on Third-Party Count I against the Former Employee Defendants. To the extent that CU Pacific prayed for, or otherwise could have recovered, more than the amounts granted on summary judgment in the 11/30/15 Order, this Court FINDS that the instant Motion waived CU Pacific's entitlement to such amounts. Thus, there are no remaining issues as to Third-Party Count I. As acknowledged in the 1/12/16 Stipulation, Third-Party Count I was the only remaining claim in this case. All claims against all parties in this case have now been resolved. This Court therefore GRANTS the Motion insofar as this Court will direct the entry of final judgment in this case.

## **CONCLUSION**

On the basis of the foregoing, CU Pacific's Motion for Entry of Judgment Pursuant to Rule 54(c), filed January 21, 2016, is HEREBY GRANTED, although on different grounds than those

argued in the Motion.  This Court FINDS that CU Pacific has waived its entitlement to recover any further amounts from Third-Party Defendants, Takushi, Nishida, and Cheung as to Count I of CU Pacific's Second Amended Third Party Complaint, filed January 7, 2015.  There being no remaining claims in this case, this Court DIRECTS the Clerk's Office to enter final judgment and close this case immediately.

        IT IS SO ORDERED.

        DATED AT HONOLULU, HAWAII, March 1, 2016.



      /s/ Leslie E. Kobayashi
      Leslie E. Kobayashi
      United States District Judge

**CUMIS INSURANCE SOCIETY, INC. VS. CU PACIFIC AUDIT SOLUTIONS, ETC.; CIVIL 14-00140 LEK-BMK; ORDER GRANTING DEFENDANT/THIRD PARTY PLAINTIFF CU PACIFIC AUDIT SOLUTIONS, LLC'S MOTION FOR ENTRY OF JUDGMENT PURSUANT TO RULE 54(C)**